## W. C. Jackson *v.* J. W. Hays.

Where a slave is sold with full guaranty, evidence is inadmissible which would contradict the written act of sale by showing that the slave was not warranted against a particular vice.

But to rebut the allegation of fraud and concealment, parol evidence may be received to show that at the time the sale was about to be passed the vendor had stated to the vendee that the slave had once run away from him.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J.
*Sparrow & Montgomery*, for plaintiff and appellant. *Goodrich & Defrance*, for defendant.

Cole, J.   Plaintiff purchased of defendant on 17th November, 1857, a slave, for which he gave his note for $1500, and afterwards took it up and gave therefor in part cash and for the balance his draft, which was afterwards protested.   He represents in this suit that the slave who was named *Dock*, was a rebellious and dangerous character, addicted to running away.   That the defendant well knew of his vices of character at the time of sale; but intending to deceive petitioner, he omitted to declare his vices.   That about the 29th of December, 1857, this slave committed the crime of rape upon a white woman in the Parish of Carroll, for which he was regularly tried, condemned and executed, according to the laws of the State.   That previous to the perpetration of the crime, and whilst he was still in the ownership and possession of *Hays*, his vendor, this slave was frequently in the habit of visiting and prowling at night around the house and premises of said white woman with a design which ended in the commission of the rape. That the defendant well knew of said visits and intentions of the slave, and omitted to inform petitioner thereof, whereby he was entrapped into the purchase of this slave and defrauded.

That he received from the State of Louisiana as the value of the slave an amount in cash equal to that paid by him to defendant, and prays for judgment for the draft or its value in money.

Defendant pleads the general denial, except that he sold the slave, and plaintiff was as fully advised of his character as he was.   He prayed that the demand against him be rejected, and that judgment be rendered in his favor for the amount of the draft, costs of protest, and of suit.   The District Court rendered judgment for the defendant as prayed for, and plaintiff has appealed.

In this court appellant relies principally upon the allegation, defendant knew that this slave intended to commit the crime of rape.

It is impossible, the appellee could have certainly known that this intention would be executed.   It seems difficult to see how he could have discovered with certainty, even that such design existed in the mind of the slave, for the latter would hardly have informed his master of his intention.

The evidence is somewhat conflicting, but we can see no reason to differ from the conclusion of the District Judge.   The white woman upon whom the rape was committed testified that the slave was never at her house at any time.   Her husband also corroborated the testimony of his wife.

Upon the trial plaintiff's counsel excepted to the ruling of the court, permitting the defendant's counsel to prove the general character of his client, and also his character as to truth and veracity.

73

JACKSON
v.
HAYS.

The court did not err.

The character of the defendant was directly attacked by the plaintiff in charging him with a knowledge and concealment of the criminal design of the negro to commit a rape, and he was entitled to rebut, as far as possible, an accusation so serious and disgraceful in its nature by his general reputation, and also to rebut the testimony tending to discredit his veracity by his general reputation as to truth and veracity.

There is also a bill of exceptions by defendant to the ruling of the court, refusing to permit him to prove by the notary who passed the act of sale, and by *Hilliard*, one of the witnesses to the act, that the defendant had stated to plaintiff that the boy *Dock* had once run away from him, and he would not warrant him in that particular.

The court properly refused the admission of testimony to show that the defendant did not warrant the slave against running away, for that would have contradicted the written notarial act of sale, which contained a full guaranty.

The court, however, erred in not allowing the defendant to prove he had stated to plaintiff at the time the sale was about to be passed, that this slave had once run away from him, in order to rebut the allegation in the petition of fraud and concealment by the defendant of the vice of running away.

This would not have contradicted the warranty in the act of sale, for a vendor may be willing to guaranty his slave against the habit of running away, if he has been but once guilty of this vice.

Judgment affirmed, with costs of appeal.

MERRICK, C. J., concurring. I concur in the decree without expressing an opinion upon all the points decided by the majority of the court.