State vs. Jackson.

## No. 8871.

### THE STATE OF LOUISIANA VS. PHIL. JACKSON.

The trial Judge has the right to take judicial notice of the existence before his court of a prosecution for an infamous crime against one called on to serve as a juror, and is authorized to exclude him from service.

Where a charge asked to be given to the jury is couched in terms calculated to tell them which of the witnesses heard they should in preference believe, and the charge requires qualification, limitation or explanation, the refusal of the Judge to give it will not be disturbed.

Giving such charge would be to trench on the facts, which the Judge is forbidden from doing. The appreciation of facts and of the credibility of witnesses is exclusively within the province of the jury.

Where the ruling of the court, refusing a new trial, although it be of record and accompanied by the evidence heard, is not excepted to, a bill of exception taken to the admission of testimony, on the trial of the motion, will not be considered by this Court.

A PPEAL from the Sixth District Court, Parish of Morehouse. *Brigham*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*Bussey & Naff* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant, indicted for murder and found guilty without capital punishment, appeals from the judgment sentencing him for life to hard labor in the State penitentiary.

The record contains three bills of exception.

The *first* relates to the rejection of a juror who, at the time, was charged with the crime of arson.

The District Judge had a right to take official knowledge of the existence of the prosecution of the juror for that offense before his own court, in such a case.

The offense charged was an infamous crime, punishable with hard labor, which disqualified the juror, under the formal provision of the law. Act 54, p. 52, of 1880.

The *second* bill is to the refusal of the Judge to give to the jury a charge, the occult but direct effect of which would have been to tell them which of the witnesses heard in the case they should in preference believe.

The Judge could not give the charge asked without trenching upon the facts, which he is forbidden from doing.

The appreciation of the facts testified to and of the credibility of witnesses are matters exclusively within the province of the jury.

The charge asked was not full. It did not contain the whole law.

97

It required qualification, limitation or explanation. The Judge was not bound to expound the law in part only. State vs. Riculfi, recently decided.

The *third* bill is to the hearing of a witness charged with incompetency, on the hearing of the motion for a new trial, which was based on the ground of misconduct of the jury.

The ruling of the Court denying the motion, although of record with the testimony adduced, was not excepted to, and is not therefore presented in the form in which it should have been submitted. 32 An. 842.

As the proceeding in which the bill was taken is not before us, we are justified in ignoring it, the more so, as we feel that in doing so the accused is deprived of no ruling which could have been beneficial to him.

Judgment affirmed.