State vs. Garic.

## No. 1174.

### THE STATE OF LOUISIANA VS. OSCAR GARIC AND LAWSON GARIC.

Where the trial Judge is requested to give a special charge to the jury, his refusal to do so although the charge asked is not objectionable, is not error if the charge has been substantially covered by that already delivered by the Judge.

The character of the deceased as a turbulent man may be looked into in determining the amount of provocation, when it tends, in connection with proof of an overt act on the part of the deceased, to produce in the mind of the slayer a reasonable belief of imminent danger.

The right of self-defence does not depend exclusively upon the reality or imminency of the danger apprehended, but whether at the time the accused had reasonable ground to believe himself in danger of losing his life or of great bodily harm, and had no other apparent means of escape than to take the life of his adversary, and whether such reasonable grounds existed, is a fact for the determination of the jury.

The trial Judge is not bound to charge on a particular point of law, although the charge may announce a correct legal principle, where, in the exercise of a sound discretion, he is satisfied that such charge is not applicable to the case.

Evidence of the good character of the accused is admissible in his behalf, and is not to be limited in its effect to merely doubtful cases, but to be weighed as any other fact in the case, and as one tending in a greater or less degree to establish the innocence of the accused.

It is not every irregularity in the proceedings, or error in the instructions of the Judge, that vitiates a verdict or sentence, but it must be an irregularity that deprives the accused of some substantial right or protection, and an error so grave as to justify a belief that, but for its commission, a different and more favorable result to the accused would have been reached.

APPEAL from the Criminal District Court, for the Parish of Orleans. Roman, J.

J. C. Egan, Attorney General, for the State, Appellee.

Wm. R. Whitaker, Lucien Marrero and R. Dalton for Defendants and Appellants.

The opinion of the Court was delivered by

TODD, J. The defendants were indicted for murder, convicted of manslaughter, and each sentenced to five years imprisonment at hard

State vs. Garic.

labor, and to pay a fine of five dollars, and from this sentence have appealed.

They complain of certain charges given by the trial Judge to the jury, and his refusal to give certain others requested by them, and the overruling of their motion for a new trial.

These constitute the sole grounds upon which they rely for the setting aside of the verdict and sentence.

1. Character of deceased.

On this point the Judge was asked to charge as follows :

" If it be established that deceased had the reputation of being of a violent character, to the knowledge of the accused, that fact is a proper matter for the consideration of the jury, on the question of the reasonable apprehension of the accused that the deceased, at the time of the homicide, was about to kill, or do great bodily harm to them or either of them."

This charge was declined for the reason that the Judge had already charged the jury on the same subject to the following effect:

"The character of the deceased as a turbulent man may be looked to in determining the amount of provocation, when it tends, in connection with proof of an overt act on the part of the deceased, to produce in the mind of the slayer a reasonable belief of imminent danger."

" Evidence of the violent character of the deceased may not only tend to establish the good faith of the apprehensions of danger by the accused, if they then had knowledge of his such character, but it may also tend to indicate that he was the assailant, and that the assault was felonious."

"If the character of the deceased is shown to have been notorious for violence, it is for the jury to determine from the evidence whether the accused knew what was thus notorious."

The charge declined was substantially covered by that given, and the Judge's refusal to give the additional one could not have prejudiced the accused.

2. Self-defense.

In his charge on this point the Judge used this language :

" But, gentlemen, in cases of this kind, the peril must be imminent, the danger great, and the party assaulted and threatened must have had no other means of escape than to kill his antagonist. Should the danger not be great, should the menaces be of no such aggravated character as to imperil life or create a reasonable belief of great bodily harm, the party killing, when no killing was indispensable, can no

longer be under the protection of that natural law of self-defense, and can no longer be excused."

This was excepted to on the ground that it limited the right of self-defense to cases where the danger was real and imminent, whereas it was contended and properly so, that actual and real danger is not indispensable to justify killing in self-defense, but that the true test is, and should be, whether the prisoner at the time had reasonable ground to believe himself in danger of loss of life or of great bodily harm and had no other apparent means of escape. 5 An. 489; 14 An. 577; 31 An. 303.

To this extent and in this respect this part of the charge was erroneous, but this error was substantially corrected by the Judge *a quo*, by giving the following additional charges, requested by the counsel for the accused, to-wit:

"The law does not demand of the defendant the same coolness and judgment in estimating his danger, that can be exercised by the jury in reviewing the circumstances of the encounter; but it is sufficient to justify the killing of another on the ground of self-defense, so far as the requisite reasonable apprehension is involved, that the appearances of the attack upon the defendant by the deceased, were such as to give the defendant reason to apprehend a design to do him some great personal injury, and that there was imminent danger of such design being accomplished; and what one has a right to do in defending himself, his brother present may do in his behalf, if he entertain such reasonable apprehension. A brother so interposing to protect the life or person of a brother, will be justified if death ensue."

"If the accused or either or them were attacked by the deceased, it was not necessary for them to flee or avoid their adversary, if a reasonable regard for their safety, or the safety of one of them, required them to stand."

"A blow or blows are just cause for provocation; and if the circumstances indicate to the slayer a plain necessity of protecting himself from great bodily injury, he is excusable if he slay his assailant in an honest purpose of saving himself from this great harm."

"If the jury find that the accused were justifiable in firing a first shot at the deceased, and that after that the deceased followed them up with the apparent continued purpose of carrying out the supposed original design, the accused were justified in continuing to resist and repel his attack, and their right to act in self-defense remained as long as they had reasonable ground to apprehend great bodily harm, or death, from him."

These requested charges were all given with certain addenda, which

did not seriously impair their force, and were made without objection at the time from the accused's counsel.

It must also be noted in this connection that, in the refusal of the Judge to give other special charges asked on this point, he stated, " that it was necessary, under the facts of the case, to dwell on what referred to the law of self-defense, that, strictly speaking, under Section 991, R. S., the Court might have abstained from even alluding to such law."

By reference to this Section of the Revised Statutes cited, it will be seen, quoting the language of the law, " that in charging the jury in criminal cases the Judge must limit himself to giving them a knowledge of the law applicable to the case." What is applicable and what is not applicable is of course largely within the discretion of the Judge, and we cannot readily admit error, or at least error sufficiently grave to affect the verdict with respect to charges on the law having no bearing on real issues of the case.

For these reasons we can find nothing in this branch of the case prejudicial to the accused, and we must dismiss the objections urged to the action of the Judge in this respect as without force.

3.  Character of the accused.

The instructions on this point were given in the following language:

" Evidence of character, that is to say, of the reputation he has in the community where he lives, when offered in behalf of the accused, is always competent, and it often occurs that it proves to be of great benefit to him. The prevalent doctrine is that it tends, under many important phases of a case, to create a doubt which, but for such evidence, would not have existed in favor of the party or parties charged with crime; as it may, on the other hand, remove a doubt already existing, which, otherwise, might have weighed heavily against the accused. Evidence of character should be looked upon by the jury as part and parcel of the whole evidence submitted to their consideration. But however satisfactory, however precise it may really be, it must not be allowed to destroy the tangible effect of direct evidence, or of uncontradicted statements of witnesses; and still less must it outweigh in the scale of justice, and do away with or annul any conclusive evidence of actual guilt. It is entitled to the serious and honest consideration of the jury, not less, but not more, than any other legal evidence adduced on the trial. It is from that evidence, as well as from all other before them, that the jury are expected to form their final conclusion."

Counsel for the accused requested the further charge, viz:

"Evidence of good character is not only of value in doubtful cases,

but it is entitled to be considered when the testimony tends very strongly to establish the guilt of the accused. The good character of the prisoners when proven, is itself a fact in the case; it is a circumstance tending in a greater or less degree to establish their innocence, and it is not to be put aside by the jury in order to ascertain if the other facts and circumstances considered by themselves do not establish their guilt beyond a reasonable doubt."

This was declined, on the ground that it had been substantially given, and to this refusal, and to the charge as given, exception was made.

The restrictive part of the charge quoted is objected to as placing an unwarranted limit in the effect to be given by the jury to proof of good character. The authorities are to some extent divided on this point. That is, by some it is held that evidence of good character is only of value in doubtful cases; and by others, that it is of broader significance, and is to be considered and weighed as any other fact in the case, and as a circumstance tending, in a greater or less degree, to establish the innocence of the accused according to the kind or grade of character established. This latter seems the better doctrine and the one most generally accepted. Wharton, Crim. Ev., Sec. 67 and notes.

But when we analyze critically the charge given, we can find nothing that seriously conflicts with this view. The charge does not, as argued by counsel, restrict such evidence as being of value only in doubtful cases. There is no such inaccuracy in the language used as is calculated to mislead a jury; and above all it is not such an error, if conceded to be one, that its correction would of itself probably produce a different verdict from the one rendered.

It is not every irregularity in the proceeding, and every error in the instructions of the Judge, that suffices to set aside a verdict, and entitles an accused to another trial. If so, it might be reasonably asserted that few convictions would stand; but the true rule is, that these irregularities must be of so grave a character as to strike at the very safeguards interposed by the law for the defense of the innocent, and errors so marked and flagrant as to create a belief in the judicial mind that, but for their commission, a different and more favorable result to the prisoner would have been reached.

As was well said by Mr. Justice Preston, in case of State vs. Brett, 6 An. 658 : "The case has often occurred of great errors committed in the hurry trial, the trouble and real difficulties of a jury trial. But if they do not affect the just result, if substantial justice has been done, and the whole object of the law has triumphed, the Supreme Court would abuse and not aid the inferior courts, and justice itself, by seizing

upon those errors, not to correct them, but without any reasonable motive or legal advantage to the public or individuals, to annul the proceedings of the inferior tribunals."

There are other objections made to the charge of the Judge, found in the record, and assigned as error, but inasmuch as they were not made to the charge when delivered, and were omitted in the bills of exception taken to the charge at the time, under our repeated rulings they cannot now be considered. State vs. Curtis; State vs. Riculfi; State vs. Jake Sheard et al., 35 An., not reported.

4. There is nothing in the motion for a new trial save and except the alleged erroneous instructions of the Judge to the jury, which have already been considered.

We have gone over the entire record carefully and considerately, and we can find nothing therein sufficient in law to afford the accused relief.

The judgment and sentence appealed from are, therefore, affirmed with costs.

Bermudez, C. J., takes no part.