State vs. Tucker.

## No. 173.

### THE STATE OF LOUISIANA VS. JOE TUCKER.

38 789
51 1109
51 1111
51 1112
51 1118
38 789
e113 730

The opinion recently rendered on a former trial of this case is reaffirmed; and it is further held that where the charges asked are applicable to the facts and contentions of counsel as recited in the bill of exceptions, the judge is not authorized to refuse the charges because, while not denying the material facts stated, he disputes the correctness of the contentions of counsel based thereon. .Counsel has the right to urge his own theory as to the inferences of motive and intention to be drawn from the facts, and to impress the same upon the jury; and though the judge may take a different view, the question is to be determined by the jury, and in case the jury should concur with counsel, defendant has the clear right to have them instructed as to the law applicable in such case.

APPEAL from the Third District Court, Parish of Union. Young, J.

J. A. W. Lowry, District Attorney, for the State, Appellee.

G. A. Killgore, jr., and Jas. A. Ramsey for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The main bill of exceptions presented in this record is, in substance, identical with the one which we copied at length and fully considered in our opinion rendered when this case was before us in May last.

We there held, quoting the syllabus: " When a bill of exceptions recites the facts which the counsel contended before the jury had been established by the evidence, and refers to the evidence in support thereof and asks for charges applicable to the state of facts recited, the judge's refusal to give the charges on the ground that they are inapplicable to the case, is error, unless the judge states that there was no evidence in the case supporting or tending to support the contentions of counsel. It is the duty of the judge to give full instructions to the jury covering the entire law of the case as respects all the facts proved or claimed by counsel to be proved, provided such claim is supported by any evidence."

We will not encumber the Reports by an elaborate statement of the facts recited in the bill at great length, but will refer therefor to our former opinion.

The material facts recited are, that defendant was discovered armed, in the early part of the night, under suspicious circumstances, at the door of Bryant's house; that Bryant, without warning, fired upon and wounded him; that defendant retreated without returning the fire; that he was pursued by Bryant and his wife, both firing on him; that, after retreating some thirty yards, he got behind some bee-gums in the yard, and from that shelter, Bryant and his wife still advancing and

shooting, defendant fired upon them and wounded Bryant. To this extent the facts recited are not controverted by the judge. But the counsel further contended that the evidence established that defendant was retreating in good faith, trying to get away from his pursuers without injuring them; that he stopped behind the bee-gums simply to protect himself; that he made no offensive demonstratian until his pursuers were within a few steps of him; that he then shot merely because it was absolutely necessary to save his own life, and that he aimed at Bryant's legs not in order to kill him but to stop his pursuing him and shooting at him.

Counsel for defendant, under the foregoing recital of facts and contentions, asked the following charges:

1st. A man has a right to drive a party away from his premises who is there without his authority, and if the intruder should start away immediately in good faith the owner would have no right to follow him up; and while still retreating in good faith it should become absolutely necessary for him to fell his pursuer in order to save his own life, he is justifiable.

2d. That when two parties have had a difficulty, if one of them quits the combat and retreats in good faith and is pursued by the other, who continues to follow him up with violence and hostility, and should it become absolutely necessary for the one retreating to turn and fell his pursuer in order to save his own life, he is justifiable, whether he was the aggressor in the beginning of the difficulty or not.

3d. That if the jury should find that defendant shot Mr. Bryant, but should conclude from the evidence that he shot him simply to preserve his own life while he was receding from Bryant in good faith, he would be justifiable in law; and especially is this the law if they should find that Bryant was pursuing and shooting at defendant after defendant was attempting to get away.

The judge refused to give the charges, for the following reasons:

" There was not a particle of evidence on the trial that proved or tended to prove in the slightest degree any retreating *in good faith* on the part of the accused, nor was there any evidence to show that when shot by Bryant he immediately began to *run away*. The evidence, on the contrary, was that he retired very slowly, and also went to show that he got behind the bee-gums as a place of comparative security to fire from, and that he did not endeavor to leave the yard till after he had emptied both barrels of his gun and perhaps one pistol shot; the evidence showed that so far from quitting the combat, Joe Tucker kept it up until his gun and likely his pistol were emptied.

State vs. Tucker.

" The evidence did not show that Bryant and his wife were in a few steps of Tucker when he shot Bryant, and there was no evidence whatever to show that Joe Tucker retreated *in good faith* to avoid the combat, nor did the evidence show or tend to show that he made every possible effort to get away, or indeed any effort at all *to leave the premises*, until his means of offense were apparently exhausted; the evidence showed that he stopped as soon as he got behind the bee-gums, from which point he fired at Bryant. So far from the evidence showing that he shot Bryant in the legs in order not to kill him, it tended strongly to show a determined effort on his part, after the shooting began, to kill Bryant."

It will be observed that the judge does not dispute any of the principal facts set forth in the bill, viz: that defendant was fired upon and wounded without warning; that he retreated or retired; that he was pursued with repeated firing; that he got behind the bee-gums and only then fired upon his pursuers who still advanced, and wounded Bryant. He only differs with counsel as to the *speed* with which defendant retired; as to the *motive* of his retreat; as to his *intention* in stopping behind the bee-gums; and the like—all of which are not facts, but mere inferences from the facts as established by the evidence. The judge may be right and the counsel entirely wrong as to the conclusions which they respectively draw from the evidence; but the determination of such questions is remitted to the jury, whose exclusive province it is to weigh and give effect to the evidence.

Given the fact that defendant retreated, defendant's counsel had the clear right to contend that the retreat was in good faith and in an effort to escape without injuring his pursuers. Given the fact of his stopping behind the bee-gums, he had the right to contend that such stoppage was for the purpose of protecting himself from injury. Given the facts of the continued pursuit and firing, he had the right to contend that defendant's firing in return was to save his own life and necessary for that purpose. And in case the jury should concur with the counsel's interpretation of, and inferences from, the facts, he had the clear right to have them instructed as to the law applicable thereto.

While not doubting the sincerity of the respected judge's intention to comply with our former decision, we are reluctantly constrained to hold that he has erred in his construction of it and in refusing the charges asked for.

The remaining bills of exception have no merit whatever and do not require notice.

We may say that the judge was perfectly right in warning the jury

that the opinion of this Court in the former case was not to be considered as evidence in any manner affecting the facts of the case. We have nothing to do with the facts in criminal cases. We deal with them only as hypotheses, and say, "*if* the jury find such and such to be the facts, then the law is so and so." But it is for the jury alone to ascertain, weigh and determine the facts, independent of judges of District or Supreme Courts. We say thus much to guard any future jury in this case against being misled in this matter.

It is, therefore, ordered, adjudged and decreed that the verdict and sentence herein be annulled and set aside, and that the case be remanded to be proceeded with according to law.