State vs. Primeaux.

## II.

## III.

### No. 9999.

### THE STATE OF LOUISIANA VS. JOSEPH PRIMEAUX.

This Court has frequently signalized its indisposition to interfere with the large discretion necessarily confided to trial judges in matters of continuances, except in cases manifestly arbitrary and unjust.

A continuance is properly refused, when the accused fails to comply with the rule of court

43

requiring the address and locality where witnesses çan be found and se ved, and other wise fails to use due diligence; also where the facts intended to be proved by the absent witness, can be and is testified to by a witness present, or even the defendant, availing himself of the provisions of Act 29 of 1886, and the testimony would be cumulative only.

A trial judge is justified in refusing to read to the jury the text of a law which has no bearing on the prosecution and can therefore find no application.

Doing so would be uselessly charging abstract propositions of law.

A charge is not improper or illegal; that it was unnecessary that, a person named in the information, as the owner of the property stolen, should be brought to court to testify as to that fact, where the ownership is established to the satisfaction of the jury by other proof and that, if such ownerseip is not thus proved, the jury should acquit the accused.

Such charge is rather favorable, than injurious, to the accused.

APPEAL from the Twenty-fifth District Court, Parish of Vermilion. *DeBaillion*, J.

*M. J. Cunningham*, Attorney General, and *R. C. Smedes*, District Attorney, for the State, Appellee.

*J. A. Chargois* and *O'Brian & White* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant appeals from the verdict and sentence on a charge of larceny.

The record contains three bills of exceptions:

## I.

The first bill is to the refusal of the district judge to two motions for a continuance, based on the ground of the absence of two material witnesses.

The motions were denied because the accused had not used due diligence to secure the attendance of the absent witnesses, and that their testimony would have been cumulative only.

The want of due diligence consists in not having given seasonably, as is required by the rule of court, the address or locality at which the witnesses could have been found or served.

On this point, and on other grounds, the district judge has assigned, in support of his refusal, elaborate reasons, in which he shows that the directions were not given, and that had the defendant acted as he ought to have done, he could have secured those witnesses. We deem it unnecessary to reiterate those reasons, which appear sufficient to justify the refusal.

Besides, the testimony proposed to be elicited from these witnesses would have been cumulative only.

The defendant, under the provisions of Act No. 29 of 1886, thought proper to testify on his trial.

What he expected to prove by the absent witnesses, says the judge, he himself then testified to.

The jury would no more have believed those witnesses, who were relatives of defendant, than they gave credence to his own statements.

On the subject of refusal of continuances, on the ground of absence of witnesses, this Court has frequently held that it would not interfere with the large discretion necessarily confided to trial judges, unless in cases manifestly arbitrary and unjust. V., 37 Ann. 775, and authorities there cited.

The complaint shows neither of these features, in the present instance.

## II.

The second bill is to the refusal of the district judge to read to the jury Sec. 832 of the Revised Statutes.

This section defines the crime and punishment of "*receiving stolen goods, knowing them to have been stolen.*"

The accused was not prosecuted under this section, which was therefore entirely foreign to the issue and was not properly asked to be brought to the notice of the jury.

A court cannot be called on to charge on propositions of law which have no reference to the prosecution in progress before it, and which under the evidence adduced can find no application. 34 Ann. 1084; 38 Ann. 41.

Had the jury, under the charge of *larceny* made in this case, found a verdict of "*receiving goods,*" etc., such verdict would not have been responsive to the charge. State vs. Moultrie, 33 Ann. 1846.

## III.

The last bill is to the charge of the district judge, who is represented as having told the jury that it was not necessary that a named person should have been brought into court to testify.

The bill does not justify this complaint, for it does not appear that the judge thus charged the jury absolutely.

The judge charged substantially, that if the jury are satisfied from the evidence that the property alleged to have been stolen belonged to Mrs. Ursin Broussard, without her testimony, it was not necessary that she should have been brought into court; while on the other hand, if they are satisfied that the ownership has *not* been satisfactorily proved, without the testimony of that person, it was necessary that she should

have been brought into court—for the State must not leave any reasonable doubts on the mind of the jury as to the ownership, who must give the accused the benefit of such doubt and acquit him.

This, it would seem, is a charge rather favorable than prejudicial to the accused.

Judgment affirmed.