State vs. Hamilton.

## No. 10,277.

### THE STATE OF LOUISIANA VS. SYLVESTER HAMILTON.

| 4! | 317 |
|---|---|
| 51 | 1112 |
| 41 | 317 |
| 111 | 175 |
| 111 | 966 |
| 41 | 317 |
| 113 | 730 |

A trial judge does not err in refusing to give to the jury a charge already *covered* by previous charges. He cannot be required to reiterate unnecessarily the exposition already made by him, of the law applicable to the case, which was not excepted to and which is not charged with not containing, or covering, the special charge asked.

In order to determine whether the trial judge erred in refusing to charge the jury as to the law of the case, the bill to his ruling must show that the circumstances or facts before the court justified a request for the charge. Particularly must this be done in cases in which the charge asked relates to the weight to be or not attached to the circumstance of the flight of the accused. In the absence of such statement, the appellate court has no authority to say that the charge was improperly declined.

APPEAL from the Twenty-Sixth District Court, Parish of Jefferson.

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*Chas. A. Baquié* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The accused, prosecuted and committed under a charge of murder, but sentenced to hard labor for life, complains, in a bill of exception and in a motion in arrest of judgment, that the district judge erred in refusing to charge the jury:

1. That it is within the province of the jury to determine whether at the time of the shooting, the accused had reasonable grounds to believe himself in danger of losing his life or of great bodily harm and had no other apparent means of escape than to take the life of his adversary;

2. That the presumption of guilt resulting from flight applies generally to crimes committed secretly; but, where the killing has taken place in a public fight and before witnesses, the presumption does not apply.

In justification of his refusal so to charge, the trial judge says that he did so because the *first* charge asked had been already *covered* by him on the subject of self-defense and what constituted self-defense, and because the *second* was not considered good law.

### I.

The judge was not bound to repeat a charge already given. His refusal to give the charge first requested, implies that it was a proper one,

for he distinctly says that it had previously been given. His reason clearly was: that he would not unnecessarily reiterate a charge, however well founded in law, which he had already given to the jury, the less so as he had accompanied it with appropriate explanations of self-defense and of its ingredients. As well might he have been asked to repeat again and again, any and all charges previously given.

Not even an intimation is made that the charge asked and refused, was not, as stated by the judge, covered by previous charges.

## II.

If it be true that the second charge asked is one well founded in law, the accused has not submitted the question in the manner required, to enable this Court to say that it was improperly declined and ought to have been given.

In the case of State vs. Melton, 37 Ann. 77, after a review of the authorities on the question of prescription in cases of flight, which may become one of a series of circumstances from which guilt may be inferred, this court has said, that, when the killing has taken place in a public fight, in the presence of witnesses; when there is no dispute that the defendant did the act; when the only question is whether the circumstances established self-defense or a mitigation of the crime to the grade of manslaughter, it is obvious that the flight of the accused would have no appreciable weight in determining those questions.

The court then reviewed the circumstances of the case as presented, and considering the obscurity of the bill, the immateriality of the flight, the absence of any allusion to it as a circumstance imputing guilt, in the charge of the judge, or in the special charges asked by the defendant, it declared itself satisfied that it had no influence in the case and that, even if the ruling were erroneous, it did not prejudice the fair trial of the accused and would not justify a disturbance of the verdict.

In the present case the bill does not especially show, as it ought to have done, all the circumstances of the killing, so as to bring the matter within the provision of the law. Among other things, it does not state that the *only* question was, whether the act was or not done in self-defense, or was or not such as would have justified a mitigation of the crime to the degree of manslaughter. It may be, and in the absence of a clear showing to the contrary, this court must infer that, under the circumstances of the case, as developed before the trial judge, and of which it knows nothing, the charge was properly declined.

Judgment affirmed.