State vs. Canty.

---

No. 10,364.

## THE STATE OF LOUISIANA VS. JULIUS CANTY.

The receiving of a verdict of a jury is a ministerial act and may be received on a *dies non*.

A verdict will not be set aside on an exception to a portion of the judge's charge to the jury, which does not comment on the facts, and contains only an illustration of a general abstract proposition, which embodies self-evident truths.

The trial judge is not required by any law to repeat as a special charge that which he had already given to the jury in the general charge.

APPEAL from the Third District Court, Parish of Claiborne.
  *Barksdale*, J.

_____

*Walter H. Rogers*, Attorney General, for the State, Appellee.

_____

*C. W. Seals* and *J. R. Phipps* for Defendant and Appellant.

_____

The opinion of the Court was delivered by

McENERY, J.   The defendant was indicted for murder and convicted
of manslaughter.  From this verdict and the sentence to imprisonment
at hard labor he appeals.

There are several bills of exception to the rulings of the trial judge
and a motion in arrest of judgment upon which the accused relies for a
reversal of the judgment.

The first exception is to a part of the charge of the trial judge, which
is as follows:

" So, too, when the evidence given by word of mouth comes directly
and squarely in conflict with physical facts, if the jury believes the
principal facts are established, they are justified in not believing that
evidence which conflict with the principal facts."

In his statement appended to the bill, the judge *a quo* states that he
did not comment on any fact in the case, and that the part of the charge
to which exception was taken " was a part of a section of a charge in
which the jury was instructed that they were the exclusive judges
of the evidence and were instructed as to their legal powers in regard to
the credibility of witnesses."  The portion of the charge to which the
bill was taken seems only to be an illustration of abstract on proposition
containing a self-evident truth — that is, that no oral testimony can dis-
prove a physical fact — and that if the jury believes one state of facts,
they are not bound to believe another state of facts in conflict with
them.

The second bill has reference to the charge just referred to, and as
the district judge says in his statement he had given the same charge to
the jury, it was not necessary for him to repeat it.   There is no law re-
quiring the judge to repeat the charge given to the jury.

The motion in arrest of judgment is based on the fact that the jury
returned their verdict and it was received on a *dies non*.

There was no judgment entered on the verdict on that day.   The re-
ceiving of the verdict was only a ministerial act.

The point raised has already been decided by the court in State vs. Ford, 37 Ann. 443.

There is no evidence in the record relating to the grounds set up in the motion for a new trial.

We are of the opinion that there were no errors in the ruling of the trial judge.

Judgment affirmed.