(37 South. 622.)

No. 15,325.

STATE v. GUIDOR.

(Dec. 5, 1904.)

CRIMINAL LAW—INSTRUCTIONS—SPECIAL CHARGE.

1. Where an accused party asks the court to charge certain facts as embodying a principle of law under which he would be entitled to a verdict of acquittal by the jury, all of the elements which are required to establish and fix the principle must be stated among the facts. The requested charge must present such a statement of facts as a predicate as will make the principle of law announced be legally applicable under the evidence of the particular case.

2. The court properly declines to charge that certain facts establish absolutely and generally a particular legal principle when certain other facts or conditions not mentioned need to concur with those enumerated in order to make the proposition correct. State v. Cancienne, 24 South. 134, 50 La. Ann. 847; Parrish v. State (Ala.) 36 South. 1012; Kirkland v. State (Ala.) 37 South. 352; Gilmore v. State, Id. 359.

3. When instructions are asked in the aggregate, or propositions are presented as one request, the whole may be refused if there be anything objectionable in any one of them.

4. The trial judge cannot be compelled to give a special charge which requires qualification or limitation or explanation.

5. A special charge is properly refused, even if correct, when the subject-matter is properly covered by the general charge.

6. When propositions of law (even if correct) have no bearing upon the facts of the case, the trial judge commits no error in refusing to charge them.

(Syllabus by the Court.)

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Charles Vernon Porter, Judge.

Richard Guidor was convicted of murder, and appeals. Affirmed.

B. H. Lichtenstein, for appellant. Walter Guion, Atty. Gen., and William Augustus Wilkinson, Dist. Atty. (Lewis Guion, of counsel), for the State.

Statement of the Case.

NICHOLLS, J. Appellant, indicted for the crime of murder, was found guilty without capital punishment, and sentenced to imprisonment for life, subject to the law of commutation of sentence. After an unsuccessful application for a new trial on the ground that the verdict was contrary to the law and the evidence, he has appealed, relying for reversal upon a bill of exception reserved to the refusal of the trial judge to charge certain propositions of law presented as one request.

A written charge delivered to the jury is copied in the transcript, but no error in the same was suggested at the time nor since.

The special charges so refused to be given were as follows:

"No. 1. If you find from the evidence that defendant had reasonable ground to believe himself in imminent peril of losing his life or sustaining great bodily harm, and had not given provocation sufficient to justify the peril in which he was placed, it is your duty to acquit.

"No. 2. That the right of self-defense does not depend upon the real or apparent danger as it appears to you, but on the danger as it reasonably appeared to the accused at the time of the killing.

"No. 3. If you find that Guidor, in the course of conversation advanced upon Nolan, but made

no attempt to draw a weapon, nor made any overt act that would inspire belief that he attempted bodily harm, and that during the time that Nolan was shooting at him he continued to retreat by walking backwards, and, having retreated as far as was possible, and kills his assailant, it is your duty to acquit."

The court assigned the following reasons for its ruling:

"I declined to give 1 and 2 for the reason that, while the principles embodied in them may be sound, the language is not clear, and might have confused or misled the jury. Besides, the same principles were fully covered by the written charge, which is a part of the record. I refused to give charge No. 3 because it had no application to the case on trial.

"The facts as disclosed by all of the witnesses both for the state and the accused were substantially as follows:

"The accused and the deceased were fellow laborers on a Red River plantation in this parish. The homicide occurred at the noon hour, and the deceased was at the time in the stable or barn, engaged in feeding the mules. The accused, standing on the outside, asked him why he had spread the report that he (the accused) had been seen going into the bushes with one of the negro women on the place. The deceased denied that he had made any such statement, and the accused began cursing him, and advancing upon him with his hand in his pocket. The deceased warned him several times to stand back, and finally drew his pistol and fired, inflicting a slight wound in the shoulder of the accused while the latter was advancing upon him. The accused then fired and killed the deceased. This testimony as to the combat was corroborated by the testimony of the accused himself, though he claimed that the deceased began the quarrel, and, as he was going into the stable, fired at him three times. The theory that the accused retreated to the wall, or that he retreated a single step, was not suggested by a word of testimony in the case, including that of the accused himself. The accused had been plowing all the morning, and came to the place of the fatal encounter armed with a pistol. This fact, in connection with the evidence of threats which had been made against the deceased two days before the killing, and which had been communicated to the deceased, together with other circumstances, satisfied me, as I believe it did the jury, that the accused came upon the scene prepared for a deadly difficulty, and deliberately provoked it for the purpose of killing the deceased under the pretext of self-defense. Under these circumstances the charge demanded was wholly inapplicable, and I therefore declined to give it."

## Opinion.

Though each of the three special charges which counsel of the accused presented to the court to be given to the jury bore a separate number, and was contained in a distinct paragraph, the three were presented as an entirety, were refused as an entirety, and to such refusal a single bill of exceptions was reserved. It is urged on behalf of the state:

First. That when instructions are asked in the aggregate, or propositions are presented as one request, the whole may be properly rejected if there is anything objectionable in either of them. Abbott's Trial Brief (2d Ed.) p. 616; State v. Watkins, 106 La. 381, 31 South. 10.

Second. The trial judge cannot be compelled to give a special charge which requires qualification, limitation, or explanation. State v. Jackson, 35 La. Ann. 769, 770, and State v. West, 45 La. Ann. 17, 12 South. 7.

Third. A special charge is properly refused where the principles therein are covered by the general charge. State v. Garic, 35 La. Ann. 970; State v. Hamilton, 41 La. Ann. 317, 6 South. 540; State v. Canty, 41 La. Ann. 587, 6 South. 338; State v. Wright, 41 La. Ann. 600, 6 South. 135; State v. Joseph, 45 La. Ann. 903, 12 South. 934; State v. Smith, 46 La. Ann. 1433, 16 South. 372; State v. Scossoni, 48 La. Ann. 1464, 21 South. 32.

Fourth. When propositions of law have no bearing upon the facts of a case, the judge commits no error in refusing to charge same. State v. Stouderman, 6 La. Ann. 286; State v. Thomas, 34 La. Ann. 1084; State v. Jackson, 35 La. Ann. 769; State v. Ford, 37 La. Ann. 443; State v. Labuzan, Id. 489; State v. Primeaux, 39 La. Ann. 673, 2 South. 423; State v. Durr, 39 La. Ann. 751, 2 South. 546; State v. Beck, 41 La. Ann. 584, 6 South. 431; State v. Jackson, 45 La. Ann. 1031, 13 South. 703.

Defendant's counsel relies principally upon State v. Garic, 35 La. Ann. 970, and State v. Tucker, 38 La. Ann. 789.

In the latter case this court said:

"If the charges asked are applicable to the facts and contentions of counsel as recited in

the bill of exceptions, the judge is not authorized to refuse the charges, because, while not denying the material facts stated, he disputes the contentions of counsel based thereon. Counsel has the right to urge his own theory as to the inferences of motive and intention to be drawn from the facts, and to impress the same upon the jury, and, though the judge may take a different view, the question is to be determined by the jury, and, in case the jury should concur with counsel, defendant has the clear right to have them instructed as to the law applicable in such case."

In State v. Garic, 35 La. Ann. 972, this court said:

"The right of self-defense is not limited to cases where the danger was real and imminent. Actual and real danger is not indispensable to justify killing in self-defense. The true test is and should be whether the prisoner at the time had reasonable grounds to believe himself in danger of loss of life or of great bodily harm, and had no other apparent means of escape. State v. Chandler, 5 La. Ann. 489, 52 Am. Dec. 599; State v. Mullen, 14 La. Ann. 577; State v. St. Geme, 31 La. Ann. 303."

The court in the present case used the following language in its general charge to the jury and in reference to the plea of self-defense:

"It is a settled principle of law that when a man is assailed by another, and from the nature of the attack and the surrounding circumstances as they appear to the accused at the time he has reasonable ground to believe and does believe that the assailant intends presently to take his life, or to do some great bodily injury, he will be justified in killing his assailant, provided he has not previously brought on the assault, and provided that the circumstances are such that the extreme measure would seem to the comprehension of a reasonable man necessary in the situation to prevent the threatened injury. It is for you to say whether the conditions which surrounded the prisoner at the time were sufficient to justify him in believing that his life was in imminent danger, and that the killing was necessary. In estimating the danger which confronted the prisoner at the time of the killing, if such was the case, you will put yourself in his place as far as possible. and, looking at the situation from the standpoint which he occupied at the time, say whether he was justified, as a reasonable man, in assuming that his life or his person were in imminent danger or peril. But the law of self-

defense does not imply the right to retaliate upon another for real or supposed injuries, nor for revenge, and I therefore charge you that if you find from the evidence that the accused at the bar sought, brought on, or voluntarily entered into a difficulty with the deceased for the purpose of wreaking vengence upon him for some supposed or real injury, then the accused cannot avail himself of the law of self-defense. I further instruct you that in case you find that the defendant sought, brought on, or voluntarily entered into a difficulty with the deceased, it does not matter, in the application of the law of self-defense, how great the danger or imminent the peril which confronted him at the time he shot the deceased. I read you an extract from Wharton's Criminal Law, a standard authority on this subject, as follows: 'If the defendant in any way challenged the fight, and went into it armed, he cannot afterwards maintain that in taking his assailant's life he acted in self-defense. "A man has not," as is said by Breese, C. J., "the right to provoke a quarrel, and take advantage of it, and then justify the homicide." Self-defense may be resorted to to repel force, but not to inflict revenge. There is certainly no law to justify the proposition that a man may be the assailant, and bring on the attack, and then claim exemption from the consequences of killing his adversary on the grounds of self-defense.' Wharton's Criminal Law, § 485. You are the exclusive judges of the evidence in the case, and the weight of the testimony, together with the credibility of the witnesses. * * * If you find that at the time of the killing the prisoner, not being in fault himself, not having provoked a difficulty, killed the deceased under the belief that his own life was in danger or imminent peril, or that he was in imminent danger of receiving some great bodily harm at the hands of the deceased, and that the facts are such as to have satisfied a reasonable man in drawing such a conclusion, then he would not be guilty of any offense, and you should acquit him."

Reading the special charges which were refused by the court to be given to the jury in the language and form they were advanced in connection with the judge's statement of facts as disclosed by the testimony (the correctness of which statement is not controverted) and in connection with the court's general charge, we do not find that the accused has legal cause for complaint.

The judgment appealed from is therefore affirmed.