(43 South. 59.)

No. 16,437.

STATE v. ROY.

(Jan. 21, 1907. Rehearing Denied Feb. 18, 1907.)

1. CRIMINAL LAW—TRIAL—INSTRUCTIONS.

It is a sufficient compliance with the law requiring the trial judge, in a case appealable to this court, to deliver his charge in writing, for him to read a portion of the charge from a volume containing the published decisions of this court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1811, 1953.]

2. SAME—APPEAL—RECITALS IN BILL OF EXCEPTIONS.

Where the recital of a bill of exceptions, to the effect that the trial judge refused to give a requested charge, is contradicted by the statement per curiam, made part of the bill, the latter must be accepted in this court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, §§ 2894–2897.]

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Taylor Lewis, Judge.

Adrien Roy was convicted of crime, and appeals. Affirmed.

Pavy & Guilbeau, for appellant. Walter Guion, Atty. Gen., and R. Lee Garland, Dist. Atty. (Lewis Guion and Lewis & Lewis, of counsel), for the State.

MONROE, J. Plaintiff being on trial for assault with intent to commit rape, his counsel took the following bill of exceptions, to wit:

"Be it remembered that upon the trial of this case, and before the impaneling of the jury, the defendant, through his counsel, requested his honor to charge the jury in writing, but, his honor having failed to charge the jury in writing, as to general reputation, though proof was offered on the trial to establish the general reputation of the defendant for truth and veracity and morality, and his honor having charged the jury verbally. as to general reputation, the defendant excepted to said oral charge, but said exception was overruled for the following reasons: [Given, as we understand by the court.] That counsel did not inform the court that defendant would put his reputation at issue, and, besides, the court charged the jury as to general reputation. The court did not charge the jury orally at all with reference to character; but, on the contrary read to them the syllabus in the case of Garic, 35 La. Ann. 970, and Riculfo's Case, 35 La. Ann. 770, cited in Knobloch's Digest, pages 136, 155. These decisions were not copied in the written charge, because the occasion for such a charge did not arise until near the close of the trial and after completing the charge, and could not have been anticipated.

"To which ruling," etc.

The law reads:

"In all cases appealable to the Supreme Court, it shall be the duty of the judge to deliver his charge to the jury, in writing, if the counsel of either party require the same." Rev. St. § 1966.

There can be no question but that the language thus used is mandatory, and that the refusal of the judge in a case appealable to this court, to deliver his charge in writing, is reversible error. Marr's Cr. Jur. § 461, and authorities there cited. It has, however, been held by this court that there is no difference between reading from the printed pages of a law book and copying from the book and reading the copy. State v. Thomas et al., 34 La. Ann. 1084. In the instant case it is not contended that the recital in the bill, to the effect that the judge "charged the jury verbally as to general reputation," means anything more than that he read from the books mentioned by him rather than from the written charge as previously prepared. The matter, therefore, falls within the ruling cited, which is in accord with the rulings of the courts of some of the other states of the Union. People v. Mortier, 58 Cal. 262; State v. Stewart, 9 Nev. 120, cited in Cyc. vol. 12, p. 646, note.

Another bill recites that, the "assistant counsel for the state having argued that the defendant should be convicted for having betrayed the confidence of his friend," the court was requested to charge the jury that:

"The fact that defendant has betrayed the confidence of his friend by trying to have sexual intercourse with his wife is not a crime, and you cannot convict defendant for this, as asked by counsel for the state; but his honor refused so to charge the jury on the ground that same was contained in the written charge."

To this the judge adds:

"The court did not refuse the charge as requested; but, on the contrary, read it to the jury and charged them that such conduct was no offense under the law, nor did the court say that such a charge was contained in the written charge, but did say that the written charge covered the law applicable to the charge requested in bill No. 1, with which counsel has confounded this bill. Counsel for defendant has therefore no ground for this alleged bill of exceptions, for the reason that the court charged the jury as requested."

The statement thus made by the court necessarily controls as to the fact. State v. Haab, 105 La. 233, 29 South. 725.

Counsel for defendant, however, argues that the appeal of the prosecuting officer was of a character so prejudicial to the defendant that the conviction should be set aside (notwithstanding that the judge may have charged the jury to disregard it). We cannot concur in that view, since it appears from the motion for new trial, sworn to by the defendant, which we find in the record, that it was proved "that defendant had gone to the prosecutrix's house on the night of the alleged offense, at the request of the prosecutrix's husband, who was to be absent from his house on that night, and who had confided to the defendant his wife and children, and * * * that he (defendant) did attempt and solicit the prosecutrix to have sexual intercourse with him." The prosecuting officer, therefore, in indulging in the appeal complained of, was proceeding upon the basis of evidence which had been submitted to the jury, and was pointing out to the jury the aggravated nature of the offense with which the defendant was charged, and of which they were asked to convict him. No exception, however, was taken to the remark at the time it was made, and there is really no question presented to this court, save that of the refusal of the judge to charge as requested, which, as we have seen, is not sustained by the fact, and appears to have been abandoned in the argument.

There are one or two other bills in the record, but, as they have not been referred to by counsel for defendant, either in the oral argument made, or in the brief filed by them, and as the bills are without merit, we assume that they have been abandoned.

Judgment affirmed.