(118 So. 46)

No. 29344.

## STATE v. DOMINGUE.

July 2, 1928. Rehearing Denied July 20, 1928.

Kennedy & Dugas, of La Fayette, Philip S. Pugh, of Crowley, and Lessley & Rouly, of La Fayette, for appellant.

Percy Saint, Atty. Gen., James A. Gremillion, Dist. Atty., of Crowley, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ST. PAUL, J. The defendant was indicted for murder and convicted of manslaughter. His appeal presents seven bills of exception.

## I.

Bills Nos. 1, 2, 3, 4, and 6, are verbose and involved, but, nevertheless, they show that the defendant was skillfully endeavoring to introduce, in support of a plea of self-defense, evidence that the deceased was of a violent and dangerous character under circumstances such as those under which the homicide occurred.

The trial judge offered to allow the accused to show, if he could, the general reputation of the deceased for violence, but refused to allow evidence of his reputation for violence under particular circumstances.

■ If the plea of self-defense was admissible at all in this case, and evidence of the general reputation of the deceased for violence admissible in support thereof, then the trial judge erred to the prejudice of the accused when he excluded evidence of the general reputation of the deceased for violence under the particular circumstances then prevailing; for "a man may possess different characters, or different reputations, adapted to different localities or different conditions." Thus a man may be peaceable and quiet when sober, but violent and dangerous when drunk. People v. Lamar, 148 Cal. 564, 83 P. 993; State v. Carraway, 181 N. C. 561, 107 S. E. 142.

■ But if the plea of self-defense was inadmissible under the circumstances of this case, then the ruling of the trial judge was even more favorable to the accused than he was entitled to, and the failure of the trial judge to permit the accused to go as far as he wished to go was not prejudicial.

■ Our appreciation of the circumstances of the case is that the accused was not entitled to plead self-defense herein.

The circumstances of the homicide were as follows:

The deceased was a deputy sheriff, employed for the purpose of preserving the peace at public dances. The evidence which the accused sought to introduce was to the effect that on such occasions the deceased made no arrests when disturbances occurred, but, on the contrary, was in the habit of using violence (clubbing) to suppress the same.

About 30 days before the homicide, the accused made this threat against the deceased, to wit, "If he hits me, I will kill him sure." Half an hour before the homicide he repeated it, and then went into the dance hall armed and prepared to create a disturbance. He began by using obscene language, and, when requested by the proprietor to cease doing so, answered, "There is not a s. o. b. to stop me or put me out." The deceased then advanced towards him, but before the deceased reached

him the accused fired one shot at him, which, however, struck the floor, because the proprietor caught the hand of the accused and held it down. The accused immediately pulled away from the man who was holding him, and, the crowd between them having cleared away, the accused fired two shots into the body of the deceased at the same time that the deceased struck the accused twice over the head with a club. The accused then made his way out of the dance hall, pointing his pistol at the prostrate form of the deceased, and attempting to fire another shot into his body; but the pistol snapped. The deceased died about 15 minutes later.

In State v. Erwin, 133 La. 550, 63 So. 167, this court held:

" 'If the defendant in any way challenged the fight, and went into it armed, he cannot afterwards maintain that in taking his assailant's life he acted in self-defense. "A man has not * * * the right to provoke a quarrel, and take advantage of it, and then justify the homicide." Self-defense may be resorted to to repel force, but not to inflict revenge. There is certainly no law to justify the proposition that a man may be the assailant, and bring on the attack, and then claim exemption from the consequences of killing his adversary on the ground of self-defense. Wharton's Crim. Law, § 485.' State v. Guidor, 113 La. 727, 37 So. 622; 21 Cyc. 792."

Whenever a party by his own wrongful act produces a condition of things wherein it becomes necessary for his own safety that he should take life, the law wisely imputes to him his own wrong. He will not be permitted to avail himself of a necessity which he willfully has brought about. He will never be *completely* excused in the eye of the law, though the nature and seriousness of the act which brought about the occasion may be considered in establishing the grade of his offense. But "if the slayer provoked the combat, or produced the occasion in order to have a pretext for killing his adversary, or doing him great bodily harm, the killing will

be murder, no matter to what extremity he may have been reduced in the combat." 13 R. C. L. 832, Verbo Homicide, § 136, citing Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am. St. Rep. 96; State v. Gordon, 191 Mo. 114, 89 S. W. 1025, 109 Am. St. Rep. 790; Foutch v. State, 95 Tenn. 711, 34 S. W. 423, 45 L. R. A. 687.

II.

Bill No. 5. Ad. Foreman, a witness for the defense, was asked by the state whether he had had any trouble with the deceased, for the purpose of showing ill feeling against the deceased. The witness answered that he had had trouble with the deceased. The defense then attempted to inquire into the nature of that trouble, and the trial judge excluded it as irrelevant. If the purpose of the defense was to show that the witness, notwithstanding that difficulty, had no ill feeling against the deceased, it should have asked him that question directly; but the details of the difficulty between the witness and the deceased were irrelevant to the issue before the court.

III.

Bill No. 7. The defendant objected to a portion of the judge's charge, on the ground that, "standing alone," it stated to the jury, in effect, that "any one killing an officer with malice aforethought was guilty of murder no matter what the circumstances might be under which the killing occurred.

That portion of the charge was to the effect that the killing of an officer in resistance of an arrest is murder where it is done with malice aforethought, whether the arrest or attempted arrest was legal or illegal.

But that portion of the charge *did not* stand alone, for the judge also charged that where an officer uses unnecessary force, or where the arrest is unlawful, the rule applicable to a private individual attacked by another, that if a person believes, or has reasons to believe, that he is in danger of receiv-

ing great bodily harm, he may defend himself and repulse force with force, applies to the person sought to be arrested.

Under this charge the jury could not have been misled into the belief that the killing of an officer "no matter what the circumstances might be" would be murder.

### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J. (concurring). I concur in the decree rendered in this case, on the ground that it was not contended by the defendant that the deceased provoked the fatal difficulty, and there was, therefore, no issue which the evidence of the dangerous character of the deceased could have been relevant to. The only question or issue which such evidence can be relevant to, in a prosecution for murder or manslaughter, is the question as to who provoked the fatal difficulty, or who was the aggressor in the difficulty. But I do not concur in the statement in the majority opinion that the plea of self-defense was inadmissible, or "that the accused was not entitled to plead self-defense."

"Self-defense is not a special plea. It is involved in the general issue tendered by the plea of not guilty. The burden is not upon the accused to prove that he acted in self-defense. It is upon the state to prove beyond a reasonable doubt that the killing was done feloniously, and therefore not in self-defense." State v. Conda, 156 La. 679, 101 So. 19, citing State v. Ardoin, 128 La. 14, 54 So. 407, Ann. Cas. 1912C, 45; State v. Varnado, 128 La. 883, 55 So. 562; State v. Herring, 131 La. 972, 60 So. 634; State v. Johnson, 149 La. 927, 90 So. 258; State v. Scarborough, 152 La. 677, 94 So. 204; State v. Vial, 153 La. 883, 96 So. 796; State v. Linden, 154 La. 66, 97 So. 299.