LAND, J.
The accused, indicted for shooting with intent to murder, was tried and convicted for shooting with intent to kill; and has appealed from a sentence of imprisonment for one year in the parish prison.
The accused relies for reversal of the verdict and sentence on several bills of exception.
[1] During the trial of the cause, after the accused had waived arraignment and pleaded not guilty, counsel for the accused filed a plea to the jurisdiction of the court based on the averment that the alleged offense was committed beyond the limits of the parish of Tangipahoa. This plea was referred to the merits. After verdict the accused filed a rule to correct the minutes so as to show that the accused desired to withdraw his plea of not guilty and to file a motion^ raising the question of the jurisdiction of the court, and that the court assented thereto, and the motion was duly filed, and that subsequently the motion or plea to the jurisdiction was taken up, and after argument was referred to the merits. The regular minutes of the court do not recite the filing of the plea, or leave of court to withdraw the plea of not guilty, or that the latter plea was withdrawn, but merely that the plea to the jurisdiction was taken up for trial, and after hearing argument was referred to the merits. The rough notes taken by the clerk of the court at the time show that the plea to the jurisdiction was filed and referred to the merits. The plea, in the form of a motion to quash, reads in part as follows:
“Now into court, by the undersigned counsel, comes the defendant, and withdrawing his plea of not guilty,” etc.
The motion to correct the minutes was accompanied by the affidavit of counsel for the accused, which recites that:
The “attorney moved the withdrawal of the plea of not guilty, which was assented to by the district judge, and thereupon the plea to the jurisdiction of the court was filed.”
The district judge in his per curiam says:
“There was no formal withdrawal of the plea. The matter had been discussed — that is, the question of jurisdiction — between counsel for the defendant, the district attorney, and myself, and when counsel called defendant before the bar for the purpose of filing his plea, before accused had fairly gotten inside, I overruled the motion or plea to the jurisdiction and referred same as a question of fact for the jury, and so charged them.”
No evidence is attached to or made part of this bill of exception. The ex parte affidavit of counsel for the accused, which we find in the record, cannot be considered. Evidence was not taken down on the trial of the motion to correct the minutes, as provided by Act 113 of 1896, p. 162. Hence the statement of facts made by the judge must be taken as true.
The court having referred the question of venue to the merits without objection by the accused properly refused on the trial to withdraw that issue from the jury. The remedy of the accused was to request special instruc *955 tions applicable to the facts adduced on the question of venue. It has been held that such a question is one which belongs exclusively to the province of the jury. State v. Nettles, 41 La. Ann. 323, 6 South. 562.
On the trial of the case the accused offered witnesses to prove the dangerous character of the injured party, a colored man, named Scales. This evidence was offered to sustain the plea of self-defense, and to enable the jury to ascertain which of the two was the aggressor in the affray. The judge ruled out the testimony for the following reasons:
“There was no testimony establishing a foundation for the introduction of threats or dangerous character of the injured party. The testimony shows (see notes) that all the guns were in a boat within reach of defendant, and about seven feet from, the injured party (Scales). It further showed that defendant shot Scales without any provocation.”
We have read the evidence and concur in the conclusion of our learned Brother below. The plea of self-defense rested on the clumsy fiction that the injured party, seated in the bow of the boat, made a hostile demonstration against the accused seated in the stern of the boat. The injured party had no weapon, while the accused was armed with a shotgun.
[3] The complaint of the accused that the judge caused the testimony offered by the state on the trial to be taken down, and did not have the rejected testimony reduced to writing, is without merit. .The testimony of all the eyewitnesses to the shooting is in the record. No useful purpose would have been subserved by taking down the excluded testimony as to threats and dangerous character.
[2] The last complaint of the accused is that the time for argument was abridged to one-half hour for each side in violation of the rules of the court. The rule reads as follows:
“In the argument of cases the plaintiff will not consume more than one hour and other parties to the suit the same time; but more time may be granted if requested before the argument commences.”
The judge says:
“The trial from the time of the first juror until the closing of testimony did not consume over three hours, and I deemed one-half hour for each side ample time in which to fully argue the matter.”
The rule of court fixes a maximum, but does not prohibit the judge from abridging the time in a case where he deems less than one hour sufficient for the purpose of presenting the cause to the jury. We are not prepared to say that the judge abused his discretion in the instant case, or that any injury resulted to the accused from the shortening of the time for argument on both sides.
Judgment affirmed.