SOMMERVILLE, J.
Defendant was charged with murder, found guilty of manslaughter, and sentenced to serve 10 years in the penitentiary.
There are six bills of exceptions in the record:
Bills of exceptions 1 and 2: These two bills of exceptions were taken to the rulings of the court in refusing to sustain challenges to jurors made by defendant for cause. Two jurors had answered the district attorney, while being examined on their voir dire, that they had conscientious scruples against the infliction of the death penalty. The district attorney accepted the jurors; but defendant challenged them for cause.
[1] Defendant has not presented any reason or authority going to show that he had the right to challenge the jurors for cause under the circumstances just recited. This court has always recognized such right of challenge in the state in capital cases, and the reason therefor is obvious. No good reason suggests itself to our mind why the defendant in a murder ease should have this right. 1-Ie certainly cannot be injured, if guilty of murder, by a juror who has conscientious scruples against the infliction of the death penalty upon him. The ruling was correct.
[2, 3] Bill No. 3: This bill is taken to the ruling of the court in refusing to give the second of the two following charges, asked for by the defendant. The court charged, as requested in said special charge No. 1:
“While it is the rule of law that the provoker of or aggressor in a difficulty cannot invoke the law of self-defense, this rule has the following exception: If the aggressor cease to fight and honestly and in good faith retires from the conflict, his right of self-defense revives in case the other party pursues the fight. If the aggressor meets with disproportionate violence, and bis assault and battery is resisted so fiercely and with such deadly weapons that he cannot retire, then he may lawfully defend himself, although originally the aggressor.”
No. 2:
“For example, if one man attacks another with his fists, and the party attacked resorts to the use of deadly weapons, and returns the attack so fiercely that the first party cannot retire without danger of death or great bodily harm, then he may lawfully defend himself until out of danger.”
The first charge requested and given is rather broad, and very much in favor of the defendant, while the second charge is argumentative, and not accurate. Besides, its main features are included in the general and special charges which are found in the record.
The recitals in the several bills indicate that the evidence as to who was the aggressor was contradictory. The jury apparently believed the witnesses who testified that the defendant was the aggressor in the combat, and that he assaulted the deceased without provocation, and that the accused did not withdraw from the contest after he began it *553 But this involves consideration of the evidence, of which the jury was the sole judge. The jury had to decide whether the defendant withdrew from the contest in good faith, or whether he urged on the contest just outside of the private premises of the deceased.
[4] The general rule of the law is that:
“One who provokes a combat by assaulting another without provocation cannot as .a rule avail himself of the excuse of self-defense, unless he first withdraws from the contest which he has ■brought on. But if the accused acted without felonious intent, the mere fact that he brought on the difficulty does not necessarily preclude him from justifying on the ground of self-defense, where he was afterwards compelled to act in self-defense.” 21 Cyc. 792; Wharton’s Criminal Law, § 485.
There was no error in refusing to charge the jury, as requested in charge No. 2, for the reason that it is argumentative, and the subject is fully covered in the general and special charges of the court on the matter of self-defense. .
Bill No. 4: The trial judge said, with reference to this bill:
“There was no such bill reserved.”
As no such bill was reserved, it will not be considered. The court states that an exception was taken to the general and special charges to the jury as made by him, and he submits the question to the court whether such exception is to be considered by the court or not. It will not, in the absence of bills of exceptions specially pointing out the matters complained of. A general exception to the charge of the court, and to the special charges given, is too vague and indefinite to be considered.
Bill No. 5: The first part of this bill is taken to the refusal of the judge to specially charge the jury on behalf of the defendant, as follows:
“Although the defendant be in the wrong in bringing on a fight without weapons, yet if the deceased should resort to the use of deadly weapons and his attack is so fierce as to put defendant in danger of death or great bodily harm, he is not deprived of his right of self-defense against such attack.”
This bill has been disposed of above in our conclusions on bill No. 3.
An exception is also taken to the refusal of the judge to charge as follows:
“The law of self-defense justifies only the use of means of defense proportionate to the nature of the attack. Ordinarily the use of deadly weapons to resist an attack with the fists is not justifiable under the law of self-defense.”
The evidence is not before us, and we are unable to say whether this charge is applicable to the ease or not. But, in view of the fact that the charge of the judge on the matter of self-defense is full, in principal and application, the requested charge was properly refused.
Bill No. 6: This bill is on the refusal of the judge to grant a new trial, based upon 10 several grounds, most of which have been hereinabove considered.
In the motion for a new trial it is stated that with reference to the two jurors before mentioned, who, while being examined on their voir dire, answered the district attorney that they had conscientious scruples against capital punishment, and where the court refused defendant the right to challenge the said jurors for cause because of such scruples, that defendant peremptorily challenged said jurors, and had thus exhausted his peremptory challenges. There was no error, as we have seen, in refusing to permit defendant to challenge the two jurors for cause, and defendant cannot be heard to complain thereof, although he- exhausted his peremptory challenges in challenging said two jurors.
Another ground urged for a new trial is based on the fact that the judge had limited counsel to 45 minutes on each side for argument to the jury. That the court' ordinarily has the right to regulate the proceedings before it, particularly with reference to the time allowed counsel in argument, has been *555 decided by us in the case of State v. Lawrence Varnado, 131 La. 952, 60 South. 627. It does not appear from the record that counsel asked for additional time and was refused, or that he took a bill of exceptions to the ruling of the court at the time it was made.
Another ground urged in the motion is that, on the return of the jury into court for instructions, the instructions given by the court were very minute, and in detail, as to the verdicts which might be found in the cause. The instructions are entirely correct, and no bill of exceptions was taken at the time they were given.
The motion for new trial was properly overruled.
Judgment affirmed.