ST. PAUL, J.
The defendants were tried for murder and convicted of manslaughter. Their appeal presents 36 bills of exception, the greater of which are purely frivolous, 'consisting of bills to rulings on evidence, to wit, alleged relevant testimony excluded or irrelevant testimony admitted. But these bills do not show how or why the testimony was relevant or irrelevant, as they refer only to isolated questions, with *381 out the slightest indication of the connection in which they were asked. Indeed, many of the questions were not even answered, and there is not the least indication how the answers given to others could possibly have prejudiced the accused. So that this court is not in a position to review the rulings of the trial judge thereon, which show no error on their face.
I.
Bill No. 1. The trial judge refused to permit jurors to be asked on their voir dire whether they would give greater credence to the testimony of a white man than to that of a black man.
The. question was properly excluded. In State v. McIntosh, 141 La. 150, 74 South. 886, this court said:
“In the examination of proposed jurors on voir dire, defendant is not entitled to inquire concerning their opinions as to the credibility of the witnesses on whom he expects to rely; such an inquiry being unreasonable and calculated to confuse and obstruct the administration of criminal justice.”
Bills Nos. 2 to 4, 6 to 12, 15 to 18, 20 to 24, 27, 32 and 36, all relate to the relevancy of testimony admitted or excluded, and are purely frivolous in the shape in which they come before us.
Bills 13, 14, 19, 26, 31, are reserved to the action of the court in permitting the state to inquire of certain witnesses to what religion they belonged. It is said in brief and argument that the judge admitted the question only to test the credibility of the witnesses; but counsel have overlooked the very pertinent fact mentioned in the per curiam to the bills, that the question was hsked to show the improbability of such witnesses having attended certain services at a church of a denomination other than their own.
It is of course improper to ask a witness to what religion he belongs merely for the alleged purpose of thereby alone affecting his credibility; but it was certainly quite proper to ask a witness to what religion he belonged for the purpose of showing the improbability of his having attended services at a church of some other denomination; leaving the jury to judge of the weight to be attached to such circumstances.
The per curiam to bill No. 33 shows that the defense set up was an alibi.
Bills 5, 25, 28 to 30, 33 to 35, all relate to the action of the lower judge in excluding evidence intended to show that one Ramos had also been indicted for the murder of the deceased, and that said Ramos had trouble with the deceased over the wife of said Ramos, and that said Ramos had had a quarrel with the deceased.
We think the trial judge improperly excluded this evidence. Ordinarily, of course, it is wholly irrelevant that .another is also charged with the same crime for which the accused is being tried; but where, as in this case, the defense is based on a claim that he was not present at the scene of the homicide, it is certainly competent for the accused to show, if he can, that some” other person is charged with the crime and that such other person had some strong motive for committing the homicide which the accused had not. For all that had a direct bearing on the guilt or innocence of these accused and should have gone to the jury. See State v. Jenkins, 134 La. 186, 63 South. 869. '
II.
The state urges that the defense, having reserved no bill of exception to the overruling of their motion for a new trial, is without standing to have its other bills reviewed by this court, citing State v. Sandiford, 149 La. 933, 90 South. 261, and numerous other authorities holding that “where there is no bill of exceptions showing the overruling of the motion for new trial, and * * * evidence offered under it, the ruling thereon cannot be reviewed.”
*384 But this court has never held that matters covered by bills of exception taken during the course of the trial must be urged again on application for a new trial. On the contrary, all the cases cited show that the court considered and passed upon other bills of exception reserved during trial even though it would not review the ruling of the lower court on the application for a new trial. The meaning is that matters set up for the first time in the application for a new trial cannot be examined into on appeal unless a bill of exception be reserved to the refusal to grant the new trial; on the other hand the bills taken and reserved during the course of the trial will be considered even though no bill was reserved to refusal to grant a new trial.
Decree.
The verdict and sentence appealed from are therefore annulled, and this case is now remanded for' a new trial.
LAND and BRUNOT, JJ., dissent.