**3 So.2d 545**

**STATE v. SCOTT.**

No. 36224.

June 30, 1941.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Asst. Atty. Gen., Edwin M. Fraser, Dist. Atty., of Many (Robert C. Gamble, of Mansfield, and Wellborn Jack, of Shreveport, of counsel), for the State.

Wm. C. Pegues, Jr., of New Orleans, and J. Reuel Boone, of Many, for defendant-appellant.

PONDER, Justice.

The defendant, John Scott, was indicted by the grand jury of DeSoto Parish for the murder of Amos D. Williams. He was tried and found guilty of manslaughter and thereafter sentenced by the court to be confined in the penitentiary for a period not less than six and two-thirds years nor more than twenty years. He has appealed from the conviction and sentence.

During the course of the trial sixteen bills of exceptions were taken by the defendant's counsel to the rulings of the trial court. Bills of exceptions Nos. 1 and 2, having been withdrawn by counsel for the defendant, are not incorporated in the transcript and are not urged upon this appeal.

Bills of exceptions Nos. 3 and 4, 7 and 8 being of a similar nature are treated together by counsel for the defendant and counsel for the State. These bills involve the rulings of the trial court refusing to permit counsel for the defendant to elicit from prospective jurors, on their voir dire examination, whether or not they would convict the accused on the testimony of an admitted perjurer.

Counsel for the defendant states in his brief that it was common knowledge that the only direct evidence of the guilt of the accused which the State proposed to offer was the testimony of a Negro witness whom it was commonly known had testified at a preliminary examination contrary to what he had testified to before the coroner's jury. Counsel states that he desired to impeach the testimony of this witness and contends that the law does not contemplate that a person should be convicted on such evidence alone. Counsel takes the position that under such circumstances it is proper to inquire of the prospective juror if he is biased or prejudiced against a person charged with an offense to an extent that he would convict on testimony of this nature in order that he may properly exercise peremptory challenge. In support of this contention counsel cites Article I, Section 10 of the Constitution of 1921, and State v. Henry, 196 La. 217, 198 So. 910.

The constitutional provision and the case cited are to the effect that a defendant is entitled to the right of peremptory challenge and that in exercising such right the examination of a prospective juror cannot be limited so as to destroy or impair the constitutional or statutory right of challenge. The authorities cited are not pertinent for the reason that it is apparent from the question propounded that counsel sought to elicit from the prospective jurors what weight they would give to the testimony before the testimony was offered in evidence. We have considered this question on several occasions.

In the case of State v. McIntosh, 141 La. 150, 74 So. 886, wherein a prospective juror was asked questions on his voir dire that amounted to a prejudging of testimony before it was introduced this Court in effect stated that to permit an examination of this nature would establish a bad precedent

and if followed would lead to confusion and obstruction in administering criminal justice.

In the case of State v. Plummer, 153 La. 730, 96 So. 548, it is in effect stated that an accused is not entitled to put before a juror on his voir dire an assumed state of facts and ask him thereon what his verdict would·be.

In the case of State v. Dyer, 154 La. 379, 97 So. 563, wherein it was sought to elicit from a prospective juror whether he would give greater credence to the testimony of a white man than that of a black man, it was held that the question was properly excluded.

In the recent case of State v. Henry, 3 So.2d 104, handed down by this Court on May 26, 1941, we reviewed the question here presented and arrived at the conclusion that a juror cannot be committed in advance of the introduction of testimony as to the weight he would give to it.

Bill of exception No. 5 is not urged upon this appeal.

Bills of exceptions Nos. 6, 9 and 10 involve the right of the defendant to challenge for cause a juror who had stated that he would not return a verdict carrying the death penalty on circumstantial evidence alone. Counsel for the defendant states in his brief that counsel for the State in examining prospective jurors on their voir dire only asked part of them if they would vote for such a verdict on circumstantial evidence alone and that counsel for the State was using this method to disqualify those he did not desire. Counsel contends that since the State failed to ask the instant juror this question he is entitled to have the juror excused for cause if his answer is in the negative when the question is propounded by counsel for the defendant. Counsel cites no authority to support his contention.

In the case of State v. Davis, 154 La. 295, 97 So. 449, wherein it was contended that the State would question certain jurors that it desired to disqualify for cause as to whether they were opposed to capital punishment on circumstantial evidence merely as a subterfuge in order to disqualify them without exhausting peremptory. challenges, this Court arrived at the conclusion that the defendant was not prejudiced by the exercise of the challenges for cause by the State in this manner. It is stated therein to the effect that the defendant cannot complain of the ruling of the trial judge in rejecting a juror who is challenged for cause by the State for the reason that the law gives the accused the right to object to an obnoxious juror but not the right to select.

The defendant cannot challenge for cause a prospective juror who has conscientious scruples against the infliction of capital punishment on circumstantial evidence. Only the State has such right. Article 352, Code of Criminal Procedure; State v. Erwin, 133 La. 550, 63 So. 167.

Bill of exception No. 11 is leveled at a statement made by an attorney who was assisting in the prosecution in the presence of eleven jurors and a prospective juror, viz.: "ordinarily in a case the defendant doesn't mind the case blowing up."

From the per curiam of the trial court it appears that counsel for the defendant was addressing some remarks to the jurors criticizing the manner employed by counsel for the prosecution in examining prospective jurors and that the statement by the attorney assisting in the prosecution was made at the time. The court immediately instructed the jurors to disregard the statement. This cured any effect the statement might have had.

Bills of exceptions Nos. 12 and 13 were taken to the rulings of the trial court admitting three photographs in evidence. Some 30 or 60 days after the killing the coroner, an amateur photographer and two of the attorneys for the prosecution went to the scene of the killing with the view of taking the photographs complained of. The coroner placed the deceased's truck and two poles on the ground near the truck in the positions he found them when he first visited the scene on the morning after the killing. He placed one of the attorneys for the prosecution in the position he found the deceased's body on that morning. After the coroner had placed the objects, three photographs were taken by the amateur photographer from different positions showing the objects in the positions they were placed by the coroner. These photographs were admitted in evidence over the objection of the defendant in connection with the coroner's testimony to show the position of the objects as found by the coroner when he first visited the scene of the killing.

Counsel for the defendant contends that the photographs are not an accurate representation of the scene of the killing for the reason that one of the poles shown in the photographs is not in the position the sheriff found it when he first reached the scene of the killing and the photographs do not show another or third pole which the sheriff saw when he arrived at the scene.

The notes of testimony show that the sheriff reached the scene prior to the coroner and changed the position of one of the poles before the coroner arrived. The testimony also shows that the third pole disappeared before the coroner reached the scene and has not been accounted for since. The sheriff testified, which testimony is not contradicted, that the photographs correctly represent the position of the objects at the time the coroner came to the scene and that the changes above referred to took place before the arrival of the coroner.

As we take it the photographs were offered merely for the purpose of showing the position of the objects as found by the coroner when he first visited the scene of the killing.

Whether a photograph is sufficiently identified as a correct representation of the subject it is meant to portray is a matter to be decided by the trial court. Photographs are admissible in evidence when they are shown to have been accurately taken and to have been clear impressions of the subject in conflict and when they tend to illustrate any material fact in the case or to shed light upon the transaction before the court or jury. State v. Messer, 194 La. 238, 193 So. 633; Wharton's Criminal Evidence, 11th Ed., vol. 2, section 776.

■ Counsel for the defendant contends that photographs taken in an attempted reproduction of a crime showing posed persons, dummies or other objects are inadmissible. In support of this contention counsel cites several cases but relies principally on Fore v. State, 75 Miss. 727, 23 So. 710; Brett v. State, 94 Miss. 669, 47 So. 781.

■ We find no fault with the contention advanced by counsel or the authorities cited in support of it but they are not applicable to this case for the reason that the photographs involved herein are merely representations of the scene of the crime. The cited cases involve photographic representations of the version of an eyewitness portraying the killing which would necessarily be very prejudicial to the accused. The photographs in the instant case do not involve the guilt of the defendant.

Counsel cites People v. Maughs, 149 Cal. 253, 86 P. 187. This case is not applicable. Moreover in a more recent California case, People v. Grill, 151 Cal. 592, 91 P. 515, it was held that a photograph of the front room of a cabin and the articles shown therein, including a shotgun lying on the floor, which was taken six days after the homicide was admissible.

■ Moreover we do not see how the photographs could injure the defendant.

Bills of exceptions Nos. 14 and 15 were taken to the court's refusal to admit testimony of an altercation in which the deceased and accused were involved four years prior to the killing. The only evidence offered to prove an overt act or hostile demonstration on the part of the deceased at the time of the killing was the uncorroborated testimony of the defendant. In the per curiam of the trail court it is stated that there was no testimony offered as to the overt act other than the uncorroborated testimony of the defendant; that the defendant, when he was arrested, made a statement to the sheriff that he was not present at the time of the killing and did not know who did the killing; that two or three days later the defendant made another statement to the sheriff and a deputy sheriff denying the killing and denying being present at the time of the killing but gave a different statement as to his whereabouts at the time of the killing; that later at a preliminary hearing held no testimony was introduced as to an overt act on the part of the deceased; that thereafter a plea of insanity was entered on behalf of the defendant and a lunacy commission was appointed which found the defendant sane; that during the trial of this case the defendant took the witness stand in his own behalf and for the first time admitted that he did the killing and attempted to justify the killing on the grounds of self-defense; and that the defendant made numerous contradictory statements while on cross-examination. On account of the unsatisfactory nature of the defendant's testimony the trial court was of the opinion that the defendant had failed to prove an overt act or hostile demonstration on the part of the deceased.

In the case of State v. Thornhill, 188 La. 762, 178 So. 343, we reviewed at length the prior jurisprudence of this State touching this question and arrived at the conclusion.

that the trial judge must necessarily be clothed with the authority to decide whether a proper foundation has been laid for introduction of evidence of a prior altercation; that such authority necessarily includes a discretion to ignore and not consider testimony which his reason refuses to believe; and that mere evidence of such hostile demonstration as distinguished from proof thereof is insufficient.

In determining whether sufficient foundation has been laid for the introduction of a prior difficulty the trial judge has the discretion of passing on the credibility of the witness and the sufficiency of the evidence. His rulings in respect thereto will not be disturbed unless manifestly erroneous. State v. Thornhill, supra.

The testimony of the defendant is of an unsatisfactory nature because of his contradictory statements prior to the trial and the contradictory statements made by him while under cross-examination during the trial. Under the circumstances in this case the trial court correctly refused to admit the testimony.

Bill of exception No. 16 was taken to the overruling of a motion for a new trial predicated on the defendant's bills of exceptions. We have considered the questions raised in the bills and there could be no purpose gained by again reviewing them. The defendant cites no authority in support of this bill and submits it without argument. Having arrived at the conclusion that there is no merit in the bills of exceptions necessarily we see no merit in the motion for a new trial.

For the reasons assigned, the conviction and sentence are affirmed.

FOURNET and McCALEB, JJ., absent.

O'NIELL, C. J., adheres to his dissenting opinion in State v. Thornhill, 188 La. 762, 178 So. 343.