416 So.2d 534 (1982)
STATE of Louisiana
v.
Terry Jo WALKER, Jr.
No. 81-KA-2611.
Supreme Court of Louisiana.
June 21, 1982.
*535 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-appellee.
Claude R. Sledge, Public Defender, for defendant-appellant.
WILLIAM NORRIS, III, Justice Ad Hoc[*].
Defendant was charged by bill of information with attempted armed robbery in violation of La.R.S. 14:27 and 14:64, respectively, and after trial by jury was found guilty as charged. Subsequently, in a separate proceeding, the state filed a bill of information charging defendant as a habitual offender because of his having one prior felony conviction. Thereafter, defendant was tried and adjudged to be a habitual offender. The trial court then sentenced defendant to serve forty-two (42) years on the attempted armed robbery conviction plus one half of that sentence, or twenty-one (21) years, as a habitual offender giving him a total sentence of sixty-three (63) years at hard labor without benefit of probation, parole, or suspension of sentence.
It is solely from the imposition of this sentence that defendant appeals contending that the trial court erred in failing to comply with the guidelines of La.C.Cr.P. Art. 894.1 and in imposing an excessive sentence.
The trial court reasoned as follows in arriving at the sentence imposed:
The armed robbery statute prohibits any probation, parole or suspension of sentence. The defendant was convicted of attempted armed robbery which means that he is only liable to serve one-half of the longest term of imprisonment for armed robbery, which would be roughly 41½ years. Court takes that at 42 years. Having been declared an habitual offender he is subject to be sentenced to not less than one-third of the longest term and no more than twice the longest term for the first conviction. Based on the fact of defendant's prior conviction for armed robbery and various other offenses, Court has determined that the defendant should serve, in confinement, one-half (½) of the longest term possible for armed robbery, or 42 years, plus one-half of that sentence, or 21 years as an habitual offender for a total of sixty-three (63) years.
Accordingly, the sentence of this Court is that you are hereby sentenced to the custody of the Louisiana Department of Corrections at hard labor for sixty-three (63) years without benefit of parole, probation or suspension of sentence.
Although defendant makes no assignment of error as to the legality of this sentence, our review of the reasoning of the trial court leads us to conclude that there is present within this sentence an error patent[1] which requires our consideration notwithstanding the absence of an assignment of error; that is, the trial court's imposition of two separate sentences on this defendant. The sentence is clearly improper for the following reasons.
After his conviction for attempted armed robbery, defendant was subject to an enhanced penalty upon his adjudication as a multiple offender. La.R.S. 15:529.1 provides that a district attorney may file an information charging a defendant, after conviction as a multiple offender if he has prior conviction(s). However, this additional bill of information is merely a method of *536 informing the court of the circumstances and of requesting an enhancement of the penalty to be imposed. State v. Alexander, 325 So.2d 777 (La.1976); State v. Jackson, 298 So.2d 777 (La.1974). More particularly, this proceeding does not charge a new crime but is merely a method of increasing the punishment of second and subsequent offenders. The enhancement of the penalty for habitual offenders convicted of a new felony only addresses itself to the sentencing powers of the trial judge after conviction and has no functional relationship to the innocence or guilt of the instant crime. See State v. Stott, 395 So.2d 714 (La.1981); State v. Alexander, supra. In other words, it is clear that the sentence imposed in such cases is for the new crime only; it is simply more severe if the defendant is a habitual offender. State v. Stott, supra.
In the instant case, by imposing a sentence of 42 years for the crime committed and adding another sentence of 21 years as a result of the habitual offender adjudication, the trial court imposed one sentence for the "new crime" [attempted armed robbery] and an additional sentence for the habitual offender adjudication. This was clearly improper; defendant should have been sentenced only once as a multiple offender on the underlying charge of attempted armed robbery. See State v. Bell, 404 So.2d 974 (La.1981).
Additionally, we conclude that the trial judge failed to comply with the requirement of La.C.Cr.P. Art. 894.1(c) which requires that the trial judge state for the record the considerations taken into account and the factual basis therefor in imposing sentence. During sentencing, the trial judge gave no reasons for the imposition of the sentence other than stating:
Having reviewed the pre-sentence investigation report in light of Article 894.1 of our State Criminal Code of Procedure and the information contained in that report about the defendant and about this offense, together with the fact that he has been adjudged an habitual offender, Court has determined that a lengthy sentence of confinement is in order.
This statement alone does not satisfy the requirements of La.C.Cr.P. Art. 894.1. The statutory guidelines contained within that article provide criteria by which this court can measure whether or not a sentence within the statutory limits[2] is excessive, either by reason of its length or its nature. State v. Bourgeois, 388 So.2d 359 (La.1980); State v. Ortego, 382 So.2d 921 (La.1980); State v. Cox, 369 So.2d 118 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). Furthermore, the trial judge's reasons for imposing sentence are an important aid to this court when it is called upon to exercise its constitutional function[3] to review a sentence complained of as excessive. State v. Sepulvado, supra.
Therefore, absent compliance with this statutory requirement, we lack the appropriate criteria by which to measure whether or not the sentence imposed is excessive. State v. Bourgeois, supra. In the instant case, because the trial judge failed to state his reasons for the imposition of the sentence, we are unable to review defendant's argument that his sentence is excessive. There is nothing present in this record for us to review.
Accordingly, for the foregoing reasons, the sentence imposed is vacated and set aside, and the case is remanded to the district court with instructions to the trial judge to sentence the defendant in accordance with law.
ROBERT L. LOBRANO, J. ad hoc, concurs.
FRED C. SEXTON, Jr., J. ad hoc, concurs with reasons.
*537 FRED C. SEXTON, Jr., Justice Ad Hoc, concurring.
I concur. The record reflects that this is defendant's second robbery conviction. While I believe the sentence imposed to be high under the circumstances of the defendant's involvement in each, it is within the trial judge's considerable discretion in my view. However, I agree that the trial judge imposed two separate sentences and added them together impermissibly, mandating a remand for resentencing.
NOTES
[*] Judges William Norris, III, and Fred C. Sexton, Jr., of the Court of Appeal, Second Circuit, and Judge Robert L. Lobrano of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Jack C. Watson, and Harry T. Lemmon.
[1] La.C.Cr.P. Art. 920 dictates the scope of our review on criminal appeals. It provides as follows:

"The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
Therefore, under this provision, the court will consider any errors described in subsection (2) as "patent errors." See State v. Goodley, 398 So.2d 1068 (La.1981).
[2] The minimum sentence which could have been imposed upon defendant is 16½ years at hard labor without benefit of probation, parole, or suspension of sentence and the maximum sentence which could have been imposed is 99 years at hard labor without benefit of probation, parole, or suspension of sentence. La.R.S. 14:27, La.R.S. 14:64 and La.R.S. 15:529.1.
[3] Art. I § 20, Louisiana Constitution of 1974.