435 So.2d 1014 (1983)
STATE of Louisiana
v.
Augustus JACOBS and Percy Jacobs.
No. 82 KA 1046.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
On Rehearing August 23, 1983.
*1015 Ossie Brown, Dist. Atty. by Robert Hester, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Bonnie Jackson, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CARTER, JJ.
*1016 CARTER, Judge.
Appellants, Augustus Jacobs and his brother, Percy Jacobs, were jointly charged by bill of information with the crime of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. They were tried before a twelve person jury, which unanimously found both defendants guilty of simple burglary.[1]
Percy Jacobs was sentenced to three years at hard labor, which sentence was suspended, and defendant was placed on active supervised probation for a period of five years with a special condition that he serve one year in the East Baton Rouge Parish Prison[2]. Augustus Jacobs was originally sentenced to three years at hard labor. Subsequently, in a separate proceeding, the state filed a bill of information charging Augustus Jacobs as a habitual offender because of a prior felony theft conviction.[3] Thereafter, Augustus Jacobs admitted the allegations of the bill and waived his right to a hearing. Defendant was then sentenced to serve three years at hard labor on the simple burglary charge and was sentenced to eight years at hard labor as a habitual offender. The trial court directed that the eight year sentence be consecutive to the three year sentence.
Augustus Jacobs is before this court with two assignments of error:
(1) That the trial court improperly denied the defense counsel's motion for a new trial; and
(2) That the trial court imposed an excessive sentence.
Percy Jacobs is before this court with one assignment of error:
(1) That the trial court improperly denied his motion for a new trial.

SPECIFICATION OF ERRORSUFFICIENCY OF THE EVIDENCE
Defendants contend that the trial court erred in not granting a new trial, asserting that no proof was offered by the prosecution to convince a rational trier of fact that all the elements of simple burglary had been met; and, since there was insufficient evidence to support the conviction, a judgment of acquittal should be entered.
In State v. Mathews, 375 So.2d 1165 (La. 1979), a majority of the Louisiana Supreme Court determined that the United States Supreme Court case of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) required that the standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The Louisiana Supreme Court has indicated that this appellate review of the evidence by State court is required by the due process clause of the 14th Amendment of the United States Constitution.[4]State v. Graham, 422 So.2d 123 (La. 1982).
When reviewing a conviction based upon circumstantial evidence, it must be determined that viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have concluded beyond a reasonable doubt that every *1017 reasonable hypothesis of innocence has been excluded. LSA-R.S. 15:438; State v. Ennis, 414 So.2d 661 (La.1982); State v. Austin, 399 So.2d 158 (La.1981).
In State v. Ricks, 428 So.2d 794 (1983), Justice Watson summarized the applicable law as follows:
"In reviewing a conviction where proof of an element of the offense is based on an inference from circumstantial evidence, the court must consider two standards: that of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); and LSA-R.S. 15:438. State v. Graham, 422 So.2d 123 (La.1982). Under the Jackson standard, the court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational juror could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. LSA-R.S. 15:438 provides that in order to support a conviction, circumstantial evidence must exclude every reasonable hypothesis but guilt..."
Although these defendants were charged with the crime of simple burglary of an inhabited dwelling, they were convicted of a lesser included offense, viz., simple burglary, as defined in LSA-R.S. 14:62.[5]
Therefore, the elements to be proved by the state are (1) unauthorized entry into the dwelling in question; and (2) that defendants had the requisite specific intent to commit a theft or felony therein. See State v. Tennant, 352 So.2d 629 (La.1977), cert. denied, 435 U.S. 945, 98 S.Ct. 1529, 55 L.Ed.2d 543.
Appellants contend that the state failed to prove both (1) unauthorized entry and (2) specific intent to commit a theft or felony.
A. Unauthorized entry
Appellants contend that the state failed to prove that they had broken into or entered into the building in an unauthorized manner.
Mrs. Edwina Vicks, the lawful occupant of the residence, testified that she had been renting the house for approximately two months prior to the incident. She testified that due to the illness of her mother, she had not had time to fix up the place and move into it completely. She stated, however, that she had moved a considerable amount of her goods and furnishings into the house, including a stereo system, clock radio, tables, beds and various items in boxes. She denied knowing or seeing either of the defendants prior to this incident, and that they did not have her permission to be in the residence. Mrs. Vicks was adamant in her testimony that the doors to the residence had been left locked and that she checked them every time she left the residence.
Officer Teddy Wilson[6] testified that an anonymous call was received at approximately 10:00 p.m. that a burglary was in progress at a residence located at 249 Brice Street, Baton Rouge, Louisiana. Officer Wilson and Officer McMillan proceeded to the location and noticed there were no electrical lights on, but did observe a light from a flashlight. They heard someone in the house shout to someone else in the house. The outside of the house was secured, and a K-9 officer was called. The K-9 officer and dog arrived on the scene shortly thereafter. The officers observed that the back screen door had been broken and the wood door was open. Upon entering the house, the officers observed Augustus Jacobs hiding under the dining room table and later found Percy Jacobs hiding under a bed in the bedroom, with a chisel and screwdriver next to him.
From the above, it is obvious that the evidence is clear, convincing and overwhelming *1018 that both defendants made unauthorized entry into the dwelling in question.
B. Specific Intent to commit a theft or felony
Defendants argue that evidence of "specific intent to commit a theft or felony therein" as offered by the prosecution was insufficient because Percy Jacob's testimony indicated that he was just hiding out from the police in the residence and that Augustus Jacobs was there in the capacity of bringing him food. Percy Jacobs stated that he found the doors to the house open and that he had been living in the house for approximately three days prior to being arrested. He testified that Augustus Jacobs had just come in the residence to bring him food. Percy Jacobs further testified that he was hiding out because he had been informed that the police were looking for him for a "burglary". He denied knowing anything about the screwdriver and chisel found under the bed next to him and further denied that he had broken into the house contending he had no intent to commit a theft or felony. He further testified that Mrs. Vicks was lying when she testified that the doors were locked, testifying:
"Q. Now, you know you didn'tnow, you're saying you didn't move those things?
A. I didn't move them.
Q. Did not?
A. Did not move anything.
Q. So she's not telling the truth if she says that those things were moved in that period of time? You know any reason she has to lie on the stand?
A. I wouldn't know.
Q. Would you lie to keep from going to jail?
A. Yeah, I would.
Q. And you are. Thank you."
The defense offered absolutely no evidence to corroborate Percy Jacob's testimony.
The state established that the weather conditions were such that it was highly unlikely that a person would have been inhabiting this residence without any source of heat and protection from the weather other than a sheet on the bed in the bedroom. The state further offered evidence that the items belonging to Mrs. Vicks in the residence were in considerable disarray and in locations different from where Mrs. Vicks had left same. Although nothing was missing from the residence, the state contends that the defendants had not yet completed the theft before their presence was detected. The apprehension and arrest by police officers stopped the consummation of the theft by the intruders.
In State v. Dickerson, 353 So.2d 262 (La. 1977), overruled on other grounds in State v. Cox, 369 So.2d 118 (La.1979), the Louisiana Supreme Court, discussing specific intent relative to a burglary prosecution, determined that intent, being subjective in character, need not be proven as a fact in a burglary prosecution and may be inferred from circumstances of the transaction. LSA-R.S. 14:62; LSA-R.S. 15:445; see also, State v. Moore, 302 So.2d 284 (La. 1974); State v. Kado, 300 So.2d 461 (La. 1974).
LSA-R.S. 14:10, in pertinent part, defines specific criminal intent as:
"... [T]hat state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act..."
Specific criminal intent to commit a felony or theft may be inferred from the circumstances. LSA-R.S. 14:10; LSA-R.S. 15:445; State v. Ricks, supra. However, there must be some evidence that the defendant actively desired to commit a felony or theft.
In State v. Jones, 426 So.2d 1323 (La.1983), a conviction of attempted simple burglary was reversed because the state failed to prove the defendant had the requisite intent to commit a felony or theft. In that case, the defendant was discovered in a neighbor's home, but without burglary tools or other evidence that he intended to commit a felony or theft. The defendant explained *1019 his presence by saying he went there to seek transportation to obtain medical assistance. The Supreme Court held that mere presence in the house did not support an inference of intent to commit a felony or theft.
The facts of Jones, however, are clearly distinguishable from the present case. The totality of the circumstances presented, in this case, as well as defendants lack of employment, past records, possession of tools customarily used for break-in, the impeached credibility of the defendant who testified, when considered in totality, clearly provides a reasonable basis for the jury's findings of intent on the part of defendants to commit a theft or felony.
Appellants urge that the instant case is similar to State v. Marcello, 385 So.2d 244 (La.1980). The facts in the instant case, however, are clearly distinguishable from those presented in State v. Marcello, supra. In Marcello, the defendant was apprehended in a public building and had a history of this type of activity, including sleeping in public buildings. The defendant was discovered in the hallway of the office building. He explained that he entered the building through the roof where he had been sleeping, to wash up in a restroom. The defendant stated that he had left the restroom in search of an easier exit when he was discovered. It was established that there was evidence of his having washed up in the restroom from the dirt, debris, etc. found in the restroom. His presence and subsequent flight, without possession of burglary tools or stolen property, was insufficient to establish that he intended to commit a felony or theft. The facts surrounding Marcello's presence in the NOPSI building were fully supported by his version of the incident. No tools of the type used to gain unauthorized entrance to a building were recovered. In the instant case, tools (chisel and screwdriver) customarily used to gain unauthorized entry into a building were found "next to Percy Jacobs when he was apprehended under the bed." Further, Percy Jacobs's testimony was contradicted by other competent witnesses and evidence as concerns other elements of the case.
When there is conflicting testimony as to a factual matter, the question of credibility of witnesses is within the sound discretion of the trier of fact. State v. Klar, 400 So.2d 610 (La.1981). Further, an appellate court will not reweigh credibility of witnesses under the Jackson v. Virginia standard. State v. Richardson, 425 So.2d 1228 (La.1983). Therefore, viewing the evidence in the light most favorable to the prosecution, any rational juror could conclude that the state proved the essential elements of the crime beyond a reasonable doubt and that the totality of the circumstantial evidence in the instant case excluded every reasonable hypothesis but guilt.
The situation presented in the instant case is likened to State v. Pike, 426 So.2d 1329 (La.1983), where a conviction of simple burglary of an inhabited dwelling was affirmed. In Pike, entrance was gained through a locked kitchen window; defendant, a neighbor, was discovered hiding in the bedroom closet at 2:30 a.m.; a jewelry box had been tampered with; and a ring was missing. These facts were sufficient to prove that the defendant had the intent to commit a theft.
Like the defendant in Pike, supra, one of the defendants in the instant case was found with tools that could certainly be considered burglary tools beside him under the bed. The trial jury apparently found the testimony of Mrs. Vicks and the police officers credible, and that of Percy Jacobs not credible. It was established that defendant gained entrance through a locked door. The defendants were discovered hiding in the dwelling, items belonging to Mrs. Vicks had been tampered with, and defendant's own testimony established that he had been involved in or that the police were looking for him "for another burglary." The totality of these circumstances is clearly sufficient to support the jury's finding that these defendants made an unauthorized entry into another's dwelling with the specific intent to commit a theft. This assignment of error is clearly without merit.

*1020 SPECIFICATION OF ERRORSEVERITY OF SENTENCE
Defendant, Augustus Jacobs, contends that the sentence imposed of three years at hard labor resulting from the simple burglary conviction and an additional consecutive sentence of eight years at hard labor as a second habitual offender constitutes an excessive sentence.
Although defendant makes no assignment of error as to the legality of the sentence, our review of the sentencing of the trial court leads us to conclude that there is present within this sentence an error patent which requires our consideration notwithstanding the absence of an assignment of error; that is, the trial court's imposition of two separate sentences on this defendant.
Under State v. Walker, 416 So.2d 534 (La.1982), the sentence is improper. According to the rationale of State v. Walker, supra, sentencing as a multiple offender under LSA-R.S. 15:529.1 is the enhancement of the penalty for habitual offenders convicted of a new felony and only addresses itself to the sentencing powers of the trial judge after conviction, and has no functional relationship to the innocence or guilt of the instant crime. See State v. Stott, 395 So.2d 714 (La.1981); State v. Walker, supra. In other words, a sentence imposed in such a case is for the new crime only; it is simply more severe if the defendant is a habitual offender. State v. Stott, supra. In the instant case, by imposing a sentence of three years for the crime committed and adding another sentence of eight years as a result of the habitual offender adjudication, the trial judge imposed one sentence of the "new crime" (simple burglary) and an additional sentence resulting from the habitual offender adjudication. This was improper; defendant should have been sentenced only once as a multiple offender on the underlying charge of simple burglary. State v. Walker, supra; Cf. State v. Bell, 404 So.2d 974 (La.1981).[7]
Since article 882 of the Louisiana Code of Criminal Procedure provides than an illegal sentence may be corrected at any time by the court that imposed sentence, it is necessary to remand the case to the trial court for the imposition of a valid sentence. Since the sentences in the instant case as concerns Augustus Jacobs are illegal sentences, it is inappropriate and impractical at this time to review these sentences for excessiveness as defendant, Augustus Jacobs, will obviously have to be re-sentenced.[8]
Considering the above, the conviction and sentence of Percy Jacobs are affirmed. The conviction of Augustus Jacobs is affirmed, but the sentences imposed are vacated and set aside, and the case is remanded to the district court with instructions to the trial judge to sentence the defendant in accordance with law. Augustus Jacobs is herein remanded to the trial court for sentencing in accordance with law.
AS TO DEFENDANT, PERCY JACOBS, CONVICTION AND SENTENCE ARE AFFIRMED.
AS TO DEFENDANT, AUGUSTUS JACOBS, CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED FOR RE-SENTENCING.

ON REHEARING
This application for a rehearing filed on behalf of the State was granted for the purpose of reviewing the sentence imposed on defendant Augustus Jacobs. We vacate our prior ruling and affirm defendant's sentence.
*1021 Defendant Augustus Jacobs committed two burglaries during December 1981. The defendant was charged under bill number 2-82-330 with burglary of an inhabited dwelling which occurred on December 14th and under bill number 1-82-792 with burglary of an inhabited dwelling which occurred on December 18th. Defendant pled not guilty to bill number 1-82-792, was tried, and was found guilty of simple burglary; defendant then pled guilty to bill number 2-82-330.
Thereafter, defendant was adjudicated a second habitual offender under bill number XX-XX-XXX. The determination was based on a 1976 conviction and the guilty plea to burglary of an inhabited dwelling under bill number 2-82-330.
On October 26, 1982, the defendant was sentenced as follows:
(1) On bill number 1-82-792, the conviction for simple burglary, a three year sentence was imposed;
(2) On bill number XX-XX-XXX, the habitual offender bill based on the 1976 conviction and the 1982 guilty plea to burglary of an inhabited dwelling, an eight year sentence was imposed.
Defendant appealed alleging that the trial court improperly denied the defense counsel's motion for a new trial and that the trial court imposed an excessive sentence. This court found no merit in the first specification of error, but vacated the sentence and remanded the case for resentencing due to what appeared to be a patent error in the sentence imposed. From the record, it appeared that both the three year sentence and the eight year second offender sentence were based on the same simple burglary conviction. Since this procedure would constitute an illegal sentence, we ordered the sentence vacated and remanded for resentencing.
Based on the facts as set forth above, we now conclude that the sentencing procedure originally followed by the district court was proper. Although the sentences were imposed in a single sentencing hearing, it is clear that there were two burglary convictions, one giving rise to the three year sentence and one giving rise to the eight year sentence as a habitual offender. Therefore, our prior ruling to remand is vacated.
In his appeal, defendant argues that the sentence imposed was excessive. The only bill appealed to this court was number 1-82-792, and therefore, the only sentence which is before us for review is the three year sentence.
Defendant specifically argues that the sentence imposed constitutes "cruel, excessive or unusual punishment" in violation of La.Const., Art. 1 § 20. Defendant urges that the sentence is excessive for the following reasons: (1) there was no evidence that defendant's behavior caused or threatened to cause any type of serious harm; (2) the pre-sentence investigation revealed that defendant was trying to lead a law-abiding life; and, (3) the term of imprisonment imposed for the simple burglary conviction is to run consecutively to that imposed on the habitual offender petition, and that as a result, the defendant will be imprisoned for eleven years.
The applicable law is found in State v. Willis, 420 So.2d 962 (La.1982), in which the court states:
"Louisiana Constitution of 1974, Art. 1, Sec. 20, prohibits the imposition of excessive punishment. Accordingly, this court has held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is reviewable by this court on appellate review. The trial judge's reasons in imposing sentence, as required by La.C.Cr.P. art. 894.1, are an important aid to this Court when called upon to exercise its constitutional function to review a sentence complained of as excessive. Moreover, the trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of his discretion. This court has held a sentence is excessive if it is grossly *1022 out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering." (Citations omitted) 420 So.2d 964, 965.
Defendant was convicted of simple burglary and sentenced under LSA-R.S. 14:62 which provides in part:
"Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both."
In this instance the trial judge imposed a three year sentence. In sentencing the defendant, the trial judge specifically referred to defendant's prior record, which included a previously imposed probated sentence, which probated sentence was revoked the following year after another felony conviction. The trial judge also stated that, because of defendant's history, a lesser sentence would deprecate the seriousness of the crime. Further, the trial judge's sentencing of defendant as a habitual offender on the same date indicates that the court was justly concerned that future criminal conduct might result if a lesser or probated sentence were imposed.
By setting forth the sentencing considerations and the factual basis therefor, the trial judge has more than adequately complied with the sentencing guidelines expressed in LSA-C.Cr.P. art. 894.1. Therefore, a review of the sentence on appeal should focus on whether the trial judge has abused the discretion afforded him in sentencing. State v. Willis, supra; State v. McDonald, 414 So.2d 735 (La.1982).
We find that the trial judge sufficiently stated the factual basis and that the three year sentence imposed herein is well within the discretion of the trial court. For the above and foregoing reasons, the sentence is affirmed.
AFFIRMED.
NOTES
[1] Verdicts responsive to simple burglary of an inhabited dwelling:

(a) Guilty,
(b) Guilty of attempted simple burglary of an inhabited dwelling,
(c) Guilty of simple burglary,
(d) Guilty of attempted simple burglary,
(e) Not guilty.
[2] Other special conditions of probation were also imposed.
[3] Bill of Information No. 10-82-141 charges Augustus Jacobs with having been convicted in prosecution 4-2-76-759 of the 19th Judicial District Court of the offense of felony theft on April 28, 1976. However, counsel for appellant in brief states:

"The pre-sentence investigation revealed that Augustus Jacobs did not have a juvenile record and had been convicted of only two felonies."
[4] We are required to abide by this interpretation although we are not in agreement with this for reasons previously set forth in our Specially Concurring opinion in State v. Oliney, 430 So.2d 1294 (La.App.1983).
[5] LSA-R.S. 14:62 provides as follows:

"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
"Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both."
[6] Officer Wilson's testimony was corroborated by Officers' McMillan, David and Rose.
[7] In all fairness to the trial court, it should be stated that State v. Walker, supra was decided at approximately the same time as the sentencing in the instant case. Apparently, the decision in State v. Walker was not available to the trial judge at the time of the sentencing in this case.
[8] Once the defendant has been re-sentenced, we will be required to review the sentence for excessiveness if an appeal is perfected alleging excessiveness of the new sentence even though we are not in agreement with this interpretation of Article I, Section 20 of the Louisiana Constitution of 1974. Cf. Specially Concurring opinion in State v. Lewis, 430 So.2d 1286 (La. App.1983).