498 So.2d 249 (1986)
STATE of Louisiana
v.
Theron M. NAVARRE.
No. 86 KA 0522.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
*250 William Campbell, Jr., New Orleans, David J. Knight, Asst. Dist. Atty., Covington, for appellee.
George C. Ehmig, Covington, for appellant.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
*251 SAVOIE, Judge.
Defendant, Theron M. Navarre, appeals his conviction of attempted second degree murder in violation of LSA-R.S. 14:27 and 30.1.
On the evening of June 29, 1985, defendant and the victim, Carl Galatas, were present at the wedding reception at the Wildcat Inn in Slidell, Louisiana. Friends and relatives of both men were also present. At approximately 10:00 p.m., the management indicated that it was time to leave by blinking the lights on and off several times. As the people began to depart, a fight broke out between Raymond Navarre, defendant's brother, and Vernell Dumas, the victim's cousin. Immediately, several other fights broke out. A few minutes later, defendant shot Galatas in the face.
After a trial on the merits, the jury found defendant guilty of attempted second degree murder in violation of LSA-R.S. 14:27 and 30.1. Defendant was later sentenced to forty years at hard labor.
Defendant appeals, asserting that the trial court erred in:
1. Refusing to allow defendant to question the victim relative to a prior altercation between the two, and
2. Failing to grant defendant's motion for post verdict judgment of acquittal or at least reducing defendants conviction to one of the lesser included responsive verdicts.

ASSIGNMENT OF ERROR NO. 1
Defendant first asserts that the trial court erred in refusing to allow him to cross-examine the victim relative to a prior altercation between them.
LSA-R.S. 15:482 provides that:
"In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible."
Evidence of the dangerous character of the victim is admissible only if the accused first produces evidence that the victim made a hostile demonstration or an overt act against the accused, at the time of the incident, of such character as to create in the mind of a reasonable person to believe that he is in imminent danger of losing his life or suffering great bodily harm. State v. Jones, 451 So.2d 1181, 1185 (La.App. 1st Cir.1984).
In the State's case-in-chief, defense council attempted during cross-examination of Galatas, to elicit testimony from him regarding a prior stabbing incident in which defendant and he were involved. The purpose thereof was to alert the jury that Galatas had in the past, approached defendant from the rear, grabbed him, and severely cut defendant's throat. Defendant argues that this information about the prior attack upon him by Galatas illustrated his state of mind at the time of the shooting incident.
The record reflects that defendant twice attempted to adduce evidence concerning the prior attack upon himself by Galatas. The first attempt was during the state's case-in-chief but prior to the laying of a proper foundation for such testimony. The trial court ruled that defendant could not, prior to a laying of a proper foundation, question Galatas about the previous stabbing incident. Later, during defendant's case-in-chief, defense counsel was permitted to question the defendant about the previous stabbing incident. Defendant contends that although the evidence of the victim's dangerous character was eventually heard, it was critical that the jury hear this evidence earlier in the trial at the point of Galatas' cross-examination.
LSA-C.Cr.P. art. 773 provides that:
"Neither the state nor the defendant can be controlled by the court as to the order in which evidence will be adduced; but when the evidence requires a foundation for its admission, the foundation must be layed before the evidence is admissible."
In determining whether sufficient foundation has been laid for the introduction of evidence of prior difficulty between the *252 accused and the victim, the trial Judge has discretion in passing on the credibility of witnesses and sufficiency of the evidence, and his ruling will not be disturbed unless manifestly erroneous. See State v. Scott, 198 La. 162, 3 So.2d 545 (1941).
In the matter sub judice, the record reflects that during the state's case-in-chief, there was an insufficient foundation laid to support a showing of any hostile or overt acts by the victim against the defendant, sufficient to permit evidence of the victim's dangerous character. However, during defendant's case-in-chief, the record reflects that such foundation was laid and evidence adduced. We find that the trial court correctly refused to admit such testimony during the state's case-in-chief. LSA-C.Cr.P. art. 773 and LSA-R.S. 15:482. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant next contends that the trial court erred in failing to grant his motion for a post verdict judgment of acquittal or, in alternative, reduce his conviction to one of the lesser included responsive verdicts. In brief, defendant contends that upon defendant's motion for post-conviction relief, the trial court should have considered defendant's state of mind and granted the motion to the extent that it found defendant guilty of attempted manslaughter.
The standard of review for the sufficiency of evidence to uphold a conviction is whether or not, when viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; and State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983).
Defendant was tried for attempted second degree murder. LSA-R.S. 14:27 provides in pertinent part that:
"Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; ..."
LSA-R.S. 14:30.1 provides that:
"Second degree murder is the killing of a human being: (1) When the offender has a specific intent to kill or to inflict great bodily harm; ..."
Specific criminal intent is defined as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." LSA-R.S. 14:10. Such intent is a state of mind which need not be proven as a fact but which may be inferred from the circumstances of the transaction and defendant's actions. See LSA-R.S. 15:445; and State v. Boyer, 406 So.2d 143 (La.1981).
In the instant matter, the record reflects that defendant aimed his pistol and shot Mr. Galatas in the face. Based thereon, we find that the circumstances indicate that defendant actively desired the prescribed criminal consequences to follow his act. Moreover, the record is replete with testimony that defendant shouted obscenities at Galatas and informed him that he was going to kill him. When viewed in a light most favorable to the prosecution, we find that a rational trier of fact could certainly have concluded beyond a reasonable doubt that defendant had the specific criminal intent to murder Galatas.
However, defendant claims that his actions were taken in self-defense. LSA-R.S. 14:19 provides that:
The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not be applied where the force or violence results in a homicide.
In the non-homicide situation, a claim of self-defense requires a dual inquiry: first, *253 an objective inquiry into whether the force used was reasonable under the circumstances, and second, a subjective inquiry into whether the force used was apparently necessary. State v. Freeman, 427 So.2d 1161 (La.1983); and State v. Landry, 381 So.2d 462 (La.1980).
While Louisiana law is unclear as to who has the burden of proving a claim of self-defense, see State v. Freeman, supra; State v. Landry, supra; State v. Blache, 480 So.2d 304 (La.1985); and State v. Aldridge, 450 So.2d 1057 (La.App. 1st Cir. 1984), we need not address such issue based upon our rationale herein.
In the instant matter, the record reflects two conflicting versions of the events which immediately preceded the shooting. Both the state and defense witnesses agree that several fights broke out immediately prior to the shooting. None of the state's witnesses saw Galatas stab the defendant. However, all of the defense witnesses except one testified they saw Galatas stab the defendant. This exception testified that although she saw Galatas hit defendant in the back, she could not identify what he had in his hand at the time. In viewing the record, it is apparent that the prosecution produced direct evidence which, if believed, would clearly prove that defendant did not shoot Galatas while defending himself from a knife attack.
When there is conflicting testimony as to a factual matter, the question of credibility of the witnesses is within the sound discretion of the trier of fact. State v. Jacobs, 435 So.2d 1014 (La.App. 1st Cir. 1983). The jury may, as the trier of fact, accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31 (La.App. 1st Cir. 1984). On appeal, this court will not reweigh the credibility of the witnesses under the Jackson v. Virginia standard. State v. Jacobs, supra. Based thereon, we find that a rational trier of fact could conclude beyond a reasonable doubt that the defendant did not shoot Galatas in self-defense.
Defendant alternatively argues that the trial court should have reduced the verdict of attempted second degree murder to attempted manslaughter based upon defendant's sudden "passion" or "heat of blood."
The record reflects that the jury was aware of the possibility that they could return a responsive verdict of attempted manslaughter. However, its unanimous verdict of guilty indicates that the jury accepted the state's witnesses' version of that night's events. According to that version of the events, defendant started a fight with Galatas but withdrew to secure a weapon from his vehicle. Upon his return, he approached Galatas, uttering obscenities, and then shot Galatas in the face. As Galatas fled the scene, defendant chased him into the street, firing two more shots.
Based upon these circumstances and when viewed in a light most favorable to the State, we find that the jury could have reasonably inferred that after the fight, defendant's blood had actually cooled or an average person's blood would have cooled, such as to negate any claim of self-defense or reduction to manslaughter. Accordingly, we find this assignment of error to be without merit.
For the above and foregoing reasons, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.